UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES, Booking # 15746082,<br><br>Plaintiff,<br><br>vs.<br><br>BARBARA LEE, et al.<br><br>Defendants. | Case No.:  3:16-cv-01592-AJB-JLB<br><br>**ORDER:**<br><br>**1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Plaintiff, Kyle James, currently housed at the Vista Detention Facility, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Because Plaintiff's Motion to Proceed IFP complies with 28 U.S.C. § 1915(a)(2), the Court grants him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. § 1914(a), but dismisses his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

*Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified prison certificate, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF No. 2 at 4; *Andrews*, 398 F.3d at 1119. This certificate shows that while Plaintiff had an average monthly deposit of $67.50, he carried an average balance of only $.13 in his trust account during the 6-month period preceding the filing of this action, and had an available balance of just $0.74 at the time of filing. Therefore, the Court assesses Plaintiff's initial partial filing fee to be $13.50 pursuant to 28 U.S.C. § 1915(b)(1). However, it appears Plaintiff may be unable to pay that initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff leave to proceed IFP, declines to "exact" the initial $13.50 filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander at the Vista Detention Facility to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

II. **Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**A.     42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### B. Improper Defendants & Municipal Liability

The Court finds that to the extent Plaintiff names the entire San Diego Sheriff's Department, the San Diego Central Jail, and the "San Diego Sheriff's Admin Police" as Defendants, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

The County of San Diego *itself* may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of Madera*, 859 F.2d 797, 801 (9th Cir. 1988). As a municipality, the County *may* be held liable under § 1983–but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the County. *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in

'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

As currently pleaded, Plaintiff's Complaint fails to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the County itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights).

### C. Medical Care Claims

In addition, Plaintiff contends that, while he was incarcerated at the San Diego Central Jail, "San Diego Sheriff's administrative medical policies" and "John Doe Sheriff's Admin Policy Makers (whoever that entails/entities)" have prevented Plaintiff "from receiving the proper (adequate) treatment for nerve damage" to his hands." (Compl. at 17.) Plaintiff also alleges a variety of neurological conditions including his concern that he suffers from multiple sclerosis because his mother has the disease and thus, he is a "possible genetic recipient." (*Id.* at 19.) Plaintiff also alleges that he has an unspecified neurological condition similar or comparable to a condition suffered by football players. (*Id.*)

Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying *Estelle*'s Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

Here, Plaintiff claims he suffers from "nerve damage" and various neurological conditions but he fails to include any further "factual matter" sufficient to show or describe how or to what extent his medical needs were objectively serious. *See*

1  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical
2  need" as one which the "failure to treat ... could result in further significant injury or the
3  'unnecessary and wanton infliction of pain.'"), *overruled on other grounds by WMX*
4  *Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at
5  104); *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter,
6  accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting
7  *Twombly*, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient
8  would find important and worthy of comment or treatment; the presence of a medical
9  condition that significantly affects an individual's daily activities; or the existence of
10 chronic and substantial pain are examples of indications that a prisoner has a 'serious'
11 need for medical treatment." *McGuckin*, 974 F.3d at 1059-60.

12      Moreover, even if the Court assumes Plaintiff's medical conditions were
13 "objectively serious," nothing in his Complaint supports a "reasonable inference that [any
14 individual] defendant" acted with deliberate indifference to his plight. *Iqbal*, 556 U.S. at
15 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to
16 indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501
17 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial;
18 inadequate treatment due to malpractice, or even gross negligence, does not amount to a
19 constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060
20 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v.*
21 *Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334
22 (9th Cir. 1990)). A difference of opinion between a pretrial detainee and the doctors or
23 other trained medical personnel at the Jail as to the appropriate course or type of medical
24 attention he requires does not amount to deliberate indifference, *see Snow v. McDaniel*,
25 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.
26 1989)), and any delay in providing an appropriate course of treatment does not by itself
27 show deliberate indifference, unless the delay is alleged have caused harm. *See*
28 *McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d

404, 407 (9th Cir. 1985); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation.").

Thus, while Plaintiff claims that "Doctors and Admin failed to investigate and treat his injuries," his Complaint, as currently pleaded, does not include facts to show that any individual San Diego Jail official actually knew of, yet disregarded any serious medical need. *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1193 (9th Cir. 2002) ("[D]eliberate indifference requires the defendant to be subjectively aware that serious harm is likely to result from a failure to provide medical care."). Nor does it allege that any decision to refuse or delay a particular course of medical treatment caused him actual harm. *See McGuckin*, 974 F.2d at 1060. Without more, Plaintiff's Complaint currently amounts only to "unadorned, the defendant[s]-unlawfully-harmed-me accusation[s]," which "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" as to any constitutionally inadequate medical care claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### D. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of the Vista Detention Facility, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, Vista Detention Facility, 325 S. Melrose Drive, Vista, California 92081.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave in which to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

**IT IS SO ORDERED**.

Dated:  September 23, 2016

Hon. Anthony J. Battaglia
United States District Judge