UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES,<br>Booking # 15746082,<br><br>                              Plaintiff,<br><br>         vs.<br><br>BARBARA LEE, et al.<br><br>                              Defendants. | Case No.:  3:16-cv-01592-AJB-JLB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

**I.    Procedural History**

On June 21, 2016, Plaintiff, Kyle James, currently incarcerated at the California State Prison - Los Angeles County located in Lancaster, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C.

§ 1914(a), but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). On November 16, 2016, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.) In this FAC, Plaintiff names only Defendant Barbara Lee, John Doe Doctor, Jane Doe Doctor and "S.D.C.J. Med. Supervisor" as Defendants.

## II.  Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

///
///
///

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### A.    42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### B.    Duplicative claims

Plaintiff broadly alleges that during the two and one-half years he was in the custody of the San Diego County Sheriff's Department ("SDCSD"), he was subjected to "multiple injuries to his body" due to "multiple documented occasions of physical abuse and harm inflicted on Plaintiff by deputies." (FAC at 3.) Plaintiff does not provide any specific factual allegations or identify any of the SDCSD deputies whom he claims are responsible for his alleged injuries.

However, the Court does take judicial notice that Plaintiff has two pending actions involving use of force by SDCSD deputies and therefore, Plaintiff's FAC is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) because it contains claims which are duplicative of these two other actions. *See James v. Agnew, et al.*, S.D. Cal. Civil Case No. 3:15-cv-00409-AJB-MDD and *James v. Emmens, et al.*, S.D. Cal.

1  Civil Case No. 3:16-cv-2823-WQH-NLS. A court "'may take notice of proceedings in
2  other courts, both within and without the federal judicial system, if those proceedings
3  have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th
4  Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

5      A prisoner's complaint is considered frivolous if it "merely repeats pending or
6  previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir.
7  1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations
8  omitted). Because Plaintiff appears to be litigating the identical claims presented in the
9  instant action in *James v. Agnew, et al.*, S.D. Cal. Civil Case No. 3:15-cv-00409-AJB-
10 MDD and *James v. Emmens, et al.*, S.D. Cal. Civil Case No. 3:16-cv-2823-WQH-NLS,
11 the Court must dismiss these duplicative claims pursuant to 28 U.S.C. § 1915A(b)(1). *See*
12 *Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

13     **C.    Retaliation claims**

14     Plaintiff claims that Defendant Lee "retaliated against him" by refusing to provide
15 medical care after she was "served with civil action 15cv0409-AJB-MDD." (FAC at 4.)

16     Retaliation against a prisoner for exercising his rights to speech or to petition the
17 government may violate the First Amendment. *See Rizzo v. Dawson*, 778 F.2d 527, 532
18 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989);
19 Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable
20 claim of First Amendment retaliation entails five basic elements: (1) An assertion that a
21 state actor took some adverse action against an inmate (2) because of (3) that prisoner's
22 protected conduct, and that such action (4) chilled the inmate's exercise of his First
23 Amendment rights, and (5) the action did not reasonably advance a legitimate
24 correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

25     Here, while Plaintiff's claims that Defendant Lee was motivated to retaliate against
26 him because he had named her in a lawsuit. However, the Court again takes judicial
27 notice of *James v. Agnew, et al.*, S.D. Cal. Civil Case No. 3:15-cv-00409-AJB-MDD and
28 finds that Defendant Lee is not a named Defendant in that matter nor has she been served

with any documents in that case. Thus, Plaintiff's claims that Defendant Lee was motivated to act against Plaintiff because of a lawsuit that she is not involved in does not raise a plausible retaliation claim. Therefore, Plaintiff's retaliation claims against Defendant Lee must be DISMISSED for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

### D. Medical Care Claims

In addition, Plaintiff contends that he has been denied adequate medical care because Defendants allegedly refused to allow Plaintiff to see a specialist for nerve pain in his hand and instead provided "useless, cheap, and dangerous medication." (FAC at 6-7.)

Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976*); see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying *Estelle*'s Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

Here, Plaintiff claims he suffers from "nerve damage" but he fails to include any further "factual matter" sufficient to show or describe how or to what extent his medical needs were objectively serious. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.3d at 1059-60.

/ / /

/ / /

      Moreover, even if the Court assumes Plaintiff's medical conditions were "objectively serious," nothing in his FAC supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. *Iqbal*, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). A difference of opinion between a pretrial detainee and the doctors or other trained medical personnel at the Jail as to the appropriate course or type of medical attention he requires does not amount to deliberate indifference, *see Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), and any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged have caused harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

      Thus, Plaintiff's FAC, as currently pleaded, does not include facts to show that any individual San Diego Jail official actually knew of, yet disregarded any serious medical need. *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1193 (9th Cir. 2002) ("[D]eliberate indifference requires the defendant to be subjectively aware that serious harm is likely to result from a failure to provide medical care."). Nor does it allege that any decision to refuse or delay a particular course of medical treatment caused him actual harm. *See McGuckin*, 974 F.2d at 1060. Without more, Plaintiff's FAC currently amounts only to "unadorned, the defendant[s]-unlawfully-harmed-me accusation[s]," which "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" as to any constitutionally inadequate medical care claim. *Iqbal*, 556 U.S. at 678.

### E. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's FAC fails to state any claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's FAC as frivolous and for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. **GRANTS** Plaintiff forty-five (45) days leave in which to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///
///
///

1       3.     **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a
2 blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C.
3 § 1983" for his use in amending.

4       **IT IS SO ORDERED**.

5 Dated: February 7, 2017

6                                           Hon. Anthony J. Battaglia
7                                           United States District Judge