UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES,<br>Booking # 17181154,<br><br>                            Plaintiff,<br><br>      vs.<br><br>BARBARA LEE, et al.<br><br>                          Defendants. | Case No.: 3:16-cv-01592-AJB-JLB<br>consolidated with 3:17-cv-00859-AJB-MDD<br><br>**ORDER: (1) DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM; AND (2) DIRECTING U.S. MARSHAL SERVICE TO EFFECT SERVICE OF FOURTH AMENDED COMPLAINT ON REMAINING DEFENDANTS** |

**I.    Procedural History**

On June 21, 2016, Plaintiff, Kyle James, currently housed at the George Bailey Detention Facility located in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. § 1914(a),

but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). On November 16, 2016, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.) In this FAC, Plaintiff named only Defendant Barbara Lee, John Doe Doctor, Jane Doe Doctor and "S.D.C.J. Med. Supervisor" as Defendants.

The Court, once again, dismissed Plaintiff's FAC on the grounds that he failed to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 8.) On March 30, 2017, Plaintiff filed his Second Amended Complaint ("SAC"). In his SAC, Plaintiff again named Barbara Lee as a Defendant but also added Defendants Kania and Harvel. The Court, again, dismissed Plaintiff's SAC as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 10.)

Plaintiff filed his Third Amended Complaint ("TAC") on September 13, 2017 but later requested that the Court strike this pleading and sought leave to file a Fourth Amended Complaint. (ECF No. 30.) On October 27, 2017, this Court ordered that the matter of *James v. Gore, et el.*, S.D. Cal. Civil Case No. 3:17-cv-0-859-AJB-MDD be consolidated with this action. Plaintiff was directed to file a Fourth Amended Complaint in this action that stated "all claims, defendants, facts, evidence, and theories [Plaintiff] would like to bring in this case." (ECF No. 41 at 2.) On December 26, 2017, Plaintiff filed his Fourth Amended Complaint ("4thAC"). (ECF No. 43.)

## II. Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his Fourth Amended Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The

purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### A. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Plaintiff's factual allegations**

On July 3, 2014, Plaintiff was housed as a pretrial detainee at the George Bailey Detention Facility ("GBDF"). (*See* 4thAC at 7.) Plaintiff alleges Defendant Kania "ordered deputies to hog-tie me naked and transport me to San Diego Central Jail ("SDCJ")." (*Id.*) Plaintiff claims Kania ordered this to "punish" Plaintiff because Plaintiff was "in possession of hand-cuff keys." (*Id.*)

Plaintiff alleges he was then handcuffed behind his back but the handcuffs were "too tight." (*Id.*) Plaintiff told unnamed deputies that the handcuffs were too tight but "they would not loosen the cuffs because Kania would not allow it." (*Id.*) As a result, Plaintiff claims this caused him "severe pain" in his "hands and wrists." (*Id.*) Plaintiff cried "due to the pain lasting [one] hour or so." (*Id.*) Deputies placed Plaintiff "faced down" and "strapped" on a gurney. (*Id.*)

Plaintiff alleges that the "restraint devices" used caused "permanent nerve damage" to his "hands, wrists, and forearms." (*Id.*) Plaintiff claims he suffers from "severe chronic pain" which has caused him to lose "mobility/function of hands." (*Id.*) Plaintiff was "x-rayed" and the handcuff "keys were found." (*Id.* at 9.) However, Plaintiff claims he did not possess any other "contraband." (*Id.*) Plaintiff alleges that Kania's alleged refusal to clothe Plaintiff before he was transported was "malicious." (*Id.*) Plaintiff claims six unnamed deputies "carried me outside like a naked hogtied pig on its way to be barbequed." (*Id.*)

When Plaintiff arrived at the SDCJ, he claims Kania told the SDCJ deputies that Plaintiff was "violent and an escape risk." (*Id.* at 10.) Plaintiff denies that he is a "violent criminal." (*Id.*) Plaintiff states that he was subjected to a policy known as "DRC"[1] which he claims is an "abuse of discretion, irrational, arbitrarily imposed,

---

[1] Plaintiff does not specifically indicate what "DRC" represents but based on the exhibits attached to his Fourth Amendment Complaint, it appears to be a policy by the San Diego County Sheriff's Department to require a detainee to wear "leg and waist chains" when they are in the "Day Room" if the

4

oppressive, depressing, psychologically damaging, painful and injurious practice." (*Id.* at 11.) Plaintiff claims this caused him injury by "cutting off circulation" and "destroying" the nerves in his "wrists, hands, and forearms." (*Id.*)

Plaintiff claims Defendants Barbara Lee and Christine Harvel "acted with deliberate indifference" to his claims of "constant pain and injury caused by DRC." (*Id.*) Plaintiff alleges that "no treatment was ever provided." (*Id.* at 11-12.)

Plaintiff claims Defendants Coyne, Snyder, Kamass, Montgomery, Pena and Flynn "did not have justification" for use of "DRC" and the use of "DRC" was in "retaliation for filing 18 months of complaints against defendants in this action." (*Id.* at 12.) Plaintiff alleges he "fell down the stairs in Central Jail" and threatened "to sue them to finally make Central Jail admin discontinue use of DRC." (*Id.* at 13.)

After Plaintiff fell, he alleges that x-rays were taken at the SDCJ and SDCJ officials, "with the help of x-ray tech and Doctor Blake attempted to cover-up this injury out of fear of being sued." (*Id.*) Plaintiff alleges that they "lied claiming 'no injury'" but when Plaintiff was later housed with the California Department of Corrections and Rehabilitation ("CDCR"), it was discovered that he had injured his spine. (*Id.*) Plaintiff claims Defendant Blake evaluated him by "looking through" Plaintiff's cell window and stating "you're fine, nothing's wrong with you." (*Id.* at 14.) Plaintiff alleges Defendant Blake "refused to adequately examine and treat the permanent nerve damage." (*Id.*) Plaintiff claims he could not turn his neck or "get out of bed without painful effort." (*Id.*) Plaintiff further claims that Defendant Blake called Plaintiff a "liar" and denied Plaintiff suffered from "neurogenic pain." (*Id.*)

On July 23, 2014, Plaintiff was returning from court and was placed in a "2nd floor holding cell waiting for an x-ray tech." (*Id.* at 16.) Plaintiff alleges that deputies left him in a "cross-cuff" position in violation of policy and the handcuffs were "tight and not

---

detainee has been given a "high risk classification." (*See* 4thAC, ECF No. 43 at 32, "Citizens' Law Enforcement Review Board Final Report Case No. 15-119.")

double locked." (*Id.*)  Plaintiff told unnamed deputies that he was in "extreme pain" but one of the deputies walked by his cell and told Plaintiff "that's what you get for sticking locks and keys up your ass." (*Id.*)  "Out of desperation," Plaintiff "kicked the door screaming and they ignored" him. (*Id.*)  Plaintiff then "slammed [his] forehead repeatedly into the window" until he began to bleed. (*Id.*)

Sergeant Blackwell[2] and a "John Doe Lieutenant" pulled Plaintiff out of his cell and escorted him to the nurse. (*Id.*)  Plaintiff claims that when they removed his handcuffs, his wrists were bleeding. (*See id.*)  He further alleges that the nurse "tended to my wounds." (*Id.*)  Plaintiff submitted an internal affairs complaint and claims Defendant Harvel "admitted the cuffs were too tight." (*Id.*)  However, Plaintiff claims Harvel "lied falsely stating the cuffs were loosened soon as [they were] found to be too tight." (*Id.* at 17.)  Harvel is also alleged to have "covered up misconduct" and failed to preserve "video evidence." (*Id.*)

Finally, Plaintiff alleges Defendant Lee and various unnamed Defendants he identifies as "John/Jane Doe Medical Admin Review Committee," were deliberately indifferent to his serious medical needs. (*Id.* at 20-21.)  Specifically, Plaintiff alleges that he was prescribed ibuprofen which he claims was insufficient to overcome his pain. (*Id.*)  Plaintiff alleges that unnamed medical personnel told him that the Sheriff's medical policy "prevented them from adequately treating [his] chronic neuropathic pain." (*Id.* at 20.)

### C.  Fourteenth Amendment excessive force claims

Plaintiff claims that Defendants Kania, Harvel and unnamed Sheriff Deputies used excessive force on him when he was placed in handcuffs and other restraints on two separate occasions.  While the Court does find that Plaintiff has alleged facts sufficient to state a claim as to Defendant Kania, as well as the unnamed Sheriff Deputies, the Court

---

[2]  Blackwell is not a named Defendant.

finds that Plaintiff has failed to allege facts sufficient to state a Fourteenth Amendment excessive force claim against Defendant Harvel, Coyne, Snyder, Kamass, Montgomery, Pena or Flynn.

Specifically, Plaintiff alleges that Defendant Harvel lied, after the incident occurred, when she reported in response to his internal affairs complaint that the "cuffs were loosened as [they were] found to be too tight." (4th AC at 17.) However, Plaintiff does not allege that Harvel was at any time actually involved in the incidents in which he claims excessive force was used. *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is "solely ... objective." *Id.* at 2473; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Here, he only alleges that Harvel was involved after the incident was over and thus, Harvel is not alleged to have used any force against Plaintiff or directed that any force be used against Plaintiff.

As to Defendants Coyne, Snyder, Kamass, Montgomery, Pena and Flynn, Plaintiff's only allegations are that they did not have "justification for use" of restraints on Plaintiff while he was in the "day room." (4thAC at 12.) There are no allegations that there was force used in the manner in which these restraints were applied, only that Plaintiff objected to the use of restraints under these circumstances. A pretrial detainee's excessive force claim "may proceed," if they can show "the use of force is deliberate." *Kinglsey*, __ U.S. __, 135 S.Ct. at 2472. Here, Plaintiff does not allege any facts that any of these Defendants directly used force on Plaintiff.

7

3:16-cv-01592-AJB-JLB
consolidated with 3:17-cv-00859-AJB-MDD

Accordingly, while the Court finds that Plaintiff has alleged facts sufficient to state an excessive force claim against Defendant Kania and the unnamed Sheriff Deputy Defendants, the Court finds that the claims against Defendant Harvel, Coyne, Snyder, Kamass, Montgomery, Pena and Flynn must be DISMISSED for failing to state an excessive force claim.

### D. Fourteenth Amendment failure to protect claims

Plaintiff also purportedly brings a Fourteenth Amendment failure to protect claim against the same Defendants based on the same set of facts alleged as a Fourteenth Amendment excessive force claim. However, Plaintiff claims that Defendants "failed to protect" him from other jail officials. The Ninth Circuit recently explained that that an excessive force claim arises from "force applied directly by an individual jailer" while a failure to protect claim arises from "force applied by a fellow inmate." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) Here, Plaintiff is alleging the use of force by Sheriff Deputies, not other inmates or detainees. Thus, the Court DISMISSES Plaintiff's Fourteenth Amendment failure to protect claims.

### E. Retaliation claims

Plaintiff claims that his "right to free speech and to petition the government for redress of grievances" was violated by "Central Jail admin, defendant Lieutenants and Captains." (4thAC at 13.) Retaliation against a prisoner for exercising his rights to speech or to petition the government may violate the First Amendment. *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

8

In this matter, Plaintiff does not set forth specific facts to link individual Defendants to his claims of retaliation. In fact, Plaintiff argues that by threatening to sue unnamed individuals it "finally made Central Jail admin discontinue use of DRC." (4thAC at 13.) Plaintiff is alleging that a positive action, rather than an adverse action, was taken in response to his exercising his First Amendment rights. Thus, Plaintiff has not alleged any facts to support a retaliation claim. Moreover, the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting *Iqbal's* plausibility standard. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's claims of retaliation are DISMISSED for failing to state a claim.

### F. Medical Care Claims

Plaintiff alleges Defendants Blake and Lee were deliberately indifferent to his serious medical needs. The Court finds that Plaintiff has alleged factual content sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges inadequate medical care claims against Blake and Lee which are plausible on its face. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678.

However, to the extent that Plaintiff seeks to hold unnamed Doe Defendants and supervisory medical officials including, UCSD Doctor No. 1, UCSD Doctor No. 2, UCSD Doctor No. 3, Doctor Joshua, Jane Doe X-Ray technician, John/Jane Doe Medical Admin Review Committee Members liable in this matter, the Court finds that these Defendants must be dismissed.

Plaintiff does not allege, with any specific facts, that these Defendants had any actual knowledge of Plaintiff's medical condition or were actively participating in his medical care. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir.

1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against any of these Defendants because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations.

## III. Conclusion and Order

Good cause appearing, the Court:

1. **DISMISSES** all claims against each Defendant with the exception of Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Fourth Amended Complaint (ECF No. 43) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies[3]. In addition, the Clerk will provide Plaintiff with a certified copy of

---

[3] Plaintiff must, of course, identify the Defendants he lists only as "John/Jane Does" by their true names and substitute those individual persons in place of each unnamed Doe by amending his pleading to identify each of those parties before the United States Marshal will be able to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). It is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against the Doe Defendants at this time because where the identity of an

this Order, a certified copy of his Fourth Amended Complaint, and the summons so that he may serve Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies may be found and/or subject to service*, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

3. **ORDERS** the U.S. Marshal to serve a copy of the Fourth Amended Complaint and summons upon Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

4. **ORDERS** Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies to reply to Plaintiff's Fourth Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

---

alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants Lee, Kania, Blake, John/Jane Doe Lieutenant and John Doe Central Jail Deputies, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: February 12, 2018

Hon. Anthony J. Battaglia
United States District Judge