UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KYLE ROBERT JAMES, | Case No.: 16-cv-01592-AJB-JLB |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| BARBARA LEE, et al., | **[ECF No. 80]** |
| Defendants. | |

Presently before the Court is Plaintiff's Request for Judicial Notice. (ECF No. 80.) Plaintiff requests that the Court "take judicial notice of Plaintiff's complaint filed to County Counsel Supervisor Thomas E. Montgomery . . . regarding Defendants['] counsel Melissa Holmes and Robert Ortiz's intentional failure to respond to Plaintiffs [sic] informal and formal requests for discovery and to meet and confer pursuant to Federal Rules of Civil Procedure." (*Id*. at 1.) Plaintiff represents that he attached "a handwritten copy of the complaint" to the instant Request for Judicial Notice. (*Id*.)

If a party requests that a court take judicial notice of a fact, and supplies the court with the requisite information, and if the fact is appropriate for judicial notice, then the court must take judicial notice of it. Fed. R. Evid. 201(b) and (c). A fact of which a court can take judicial notice must "not [be] subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may not take judicial notice of a fact that is subject to reasonable dispute. *Lee v. City of Los Angeles,* 250 F.3d 668, 688-90 (9th Cir. 2001). Furthermore, "[b]ecause the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under rule 201(b)." *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir. 2005) *(quoting Wright v. Brooke Group. Ltd.,* 114 F. Supp. 2d 797, 815 (N.D. Iowa 2000)).

On the evidence before the Court, the fact that Plaintiff submitted a complaint to County Counsel Supervisor is a fact subject to reasonable dispute. *See* Fed. R. Evid. 201(b). "'[A] high degree of indisputability is the essential prerequisite' to taking judicial notice of adjudicative facts." *Rivera*, 395 F.3d at 1151 (quoting advisory committee note to Fed. R. Evid. 201(a) & (b)). Here, Plaintiff provides the Court with a handwritten copy of a complaint that Plaintiff represents he sent to County Counsel Supervisor. (ECF No. 80.) This is not a source "whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).[1] Accordingly, Plaintiff's Request for Judicial Notice (ECF No. 80) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: June 4, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1] Moreover, even if the Court could take judicial notice of the fact that Plaintiff submitted a complaint, the Court could not take judicial notice of disputed facts within the complaint Plaintiff represents that he sent to County Counsel Supervisor. *Lee*, 250 F.3d at 689-90.