UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES,<br><br>         Plaintiff,<br><br>v.<br><br>BARBARA LEE, et al.,<br><br>         Defendants. | Case No.: 16-cv-01592-AJB-JLB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND REQUEST TO FILE INTERROGATORIES**<br><br>**[ECF No. 84]** |

Presently before the Court are Plaintiff's requests for judicial notice and to file interrogatories. (ECF No. 84.) Plaintiff requests that the Court take judicial notice of the fact that Plaintiff sent interrogatories to defense counsel on June 1, 2018. (*Id*. at 1.) Plaintiff also requests that the Court "retain" a handwritten copy of interrogatories Plaintiff declares that he sent to defense counsel. (*Id*. at 1-2) Plaintiff's requests are **DENIED** for the reasons discussed below.

**A. Request for Judicial Notice**

If a party requests that a court take judicial notice of a fact, and supplies the court with the requisite information, and if the fact is appropriate for judicial notice, then the court must take judicial notice of it. Fed. R. Evid. 201(b) and (c). A fact of which a court can take judicial notice must "not [be] subject to reasonable dispute because it: (1) is

generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may not take judicial notice of a fact that is subject to reasonable dispute. *Lee v. City of Los Angeles,* 250 F.3d 668, 688-90 (9th Cir. 2001). Furthermore, "[b]ecause the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under rule 201(b)." *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir. 2005) (quoting *Wright v. Brooke Group. Ltd.,* 114 F. Supp. 2d 797, 815 (N.D. Iowa 2000)).

As with Plaintiff's most recent request (ECF No. 80), Plaintiff's submission is not appropriate for the taking of judicial notice. *See* Fed. R. Evid. 201(b). "'[A] high degree of indisputability is the essential prerequisite' to taking judicial notice of adjudicative facts." *Rivera*, 395 F.3d at 1151 (quoting advisory committee note to Fed. R. Evid. 201(a) & (b)). Here, Plaintiff provides the Court with a handwritten copy of interrogatories that Plaintiff represents he sent to defense counsel. (ECF No. 84 at 3-4.) This is not a source "whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). Accordingly, Plaintiff's Request for Judicial Notice (ECF No. 84) is hereby **DENIED**.

## B. Request to Retain Copy of Interrogatories

Plaintiff requests that the Court "retain" the handwritten copy of interrogatories Plaintiff declares that he sent to defense counsel. (ECF No. 84 at 1.) Plaintiff states that he would like the Court to retain a copy because "Plaintiff has no other way to prove that he in fact actually constructed and sent these questions to defendants [sic] counsel." (*Id.*) Plaintiff declares that he has "been having problems with [defense] counsel" and has not received a response to any of his discovery requests. (*Id.* at 2.)

As the Court has previously stated, discovery requests are served upon the responding party, and are not ordinarily filed on the docket (or otherwise "retained" by the Court). The Local Rules provide that interrogatories and requests for production "need not be filed unless and until they are used in the proceedings." CivLR 33.1. Plaintiff's

2

discovery requests are not at a point where they are being "used in the proceedings." If Plaintiff does not receive discovery responses to which he is entitled, Plaintiff can seek recourse from the Court, but must follow the appropriate procedural rules, including Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules.

This is the second time Plaintiff has attempted to file discovery requests on the docket. (ECF Nos. 80, 84.) For the reasons discussed above, Plaintiff is hereby **ORDERED** not to file any further discovery requests on the docket without a court order, unless the discovery requests are in support of or in opposition to a motion seeking relief other than a request to file discovery documents.

**IT IS SO ORDERED.**

Dated: June 11, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge