UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BARBARA LEE, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-cv-1592-AJB-JLB<br><br>**REPORT AND RECOMMENDATION**<br><br>**[ECF No. 64]** |

## I. **INTRODUCTION**

Before the Court is Defendants Barbara Lee and Lt. Mark Kania's Motion to Dismiss and to Strike Parts of the Fourth Amended Complaint brought under 42 U.S.C. § 1983. (ECF No. 64.) Plaintiff Kyle James makes claims of excessive use of force, failure to protect, due process violations, free speech violations, and cruel and unusual punishment alleging he sustained lasting injuries while being transferred from George Bailey Detention Facility ("GBDF") to San Diego Central Jail ("SDCJ") and while detained at SDCJ. (ECF No. 43 at 1-2, 7.) Plaintiff named several San Diego Sheriff's deputies, lieutenants, employees, medial contractors, and other administrative officers as defendants. (*Id.* at 1-2.) Defendant Lee moves to dismiss all deliberate indifference claims against her. (ECF No. 64-1 at 3.) Defendant Lee argues that Plaintiff fails to allege sufficient facts to state a claim that Lee acted with deliberate indifference either in her personal capacity or in her

supervisory capacity because Plaintiff's allegations are conclusory and he fails to allege that Lee ever treated or interacted with him. (*Id.*) Defendants Lee and Kania also move to strike exhibits to Plaintiff's complaint, arguing that these exhibits are unreliable and immaterial and impertinent to Plaintiff's claims. (*Id.* at 6-7.)

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.3 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of Plaintiff's complaint, the parties' motion and opposition papers, and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** Defendant Lee's Motion to Dismiss (ECF No. 64) with leave to amend. The Court further **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Strike Parts of the Fourth Amended Complaint (*Id.*).

## II. BACKGROUND

### A. Procedural History

On June 21, 2016, Plaintiff filed this civil rights action. (ECF No. 1.) On September 23, 2016, the Court dismissed Plaintiff's complaint with leave to amend (ECF No. 3), and Plaintiff filed his First Amended Complaint on November 16, 2016. (ECF No. 6.) The Court dismissed Plaintiff's First Amended Complaint on February 7, 2017 as frivolous pursuant to 28 U.S.C. § 1915. (ECF No. 8.) Plaintiff then filed his Second Amended Complaint (ECF No. 9) on March 30, 2017, which was also dismissed as frivolous pursuant to 28 U.S.C. § 1915 on April 7, 2017. (ECF No. 10.) Plaintiff filed his Third Amended Complaint (ECF No. 27) on September 13, 2017, but five days later Plaintiff requested the Court strike the pleading and grant Plaintiff leave to amend (ECF No. 30), which the Court granted on October 2, 2017. (ECF No. 32.) On October 27, 2017, the Court ordered consolidation of this case and Plaintiff's other case (17-cv-0859-AJB-MDD) before Plaintiff filed the Fourth Amended Complaint in this case. *James v. Gore, et al.*, 17-cv-0859-AJB-MDD, ECF No. 12 (S.D. Cal. October 27, 2012).

On December 26, 2017, Plaintiff filed the operative Fourth Amended Complaint asserting claims against Defendants Lt. Mark Kania, Lt. Christine Harvel, Barbara Lee, Dr. Blake, four John/Jane Doe Doctors, four John Doe SDCJ Deputies, Lt. Snyder, Lt. Coyne, Lt. Kamoss, Lt. Montgomery, Cpt. Flynn, Cpt. Pena, Jane Doe X-Ray Tech, and John/Jane Doe Medical Admin. Review Committee Members. (ECF No. 43 at 3-6.) On February 12, 2018, the Court dismissed several claims and defendants leaving only: (1) excessive force claims against Defendant Kania, the John Doe SDCJ Deputies, and a John/Jane Doe Lieutenant; and (2) medical care claims against Defendants Lee and Blake. (ECF No. 50 at 10.) On March 26, 2018, Defendants Lee and Kania filed the instant motion to dismiss the deliberate indifference claims against Lee and to strike parts of Plaintiff's Fourth Amended Complaint. (ECF No. 64.) Plaintiff filed his opposition to the motion on May 16, 2018 (ECF No. 77), to which Defendants filed a reply on June 7, 2018 (ECF No. 85).

### B. Factual Background

Plaintiff is proceeding *pro se* and alleges that he was a pretrial detainee at the time of the events alleged in his complaint. (ECF No. 43 at 9-10.) On July 3, 2014, Plaintiff was transferred from GBDF to SDCJ. (*Id.* at 7.) Plaintiff claims that, to effect this transfer, he was "hogtied naked" as punishment for possessing handcuff keys. (*Id.*) Plaintiff alleges he was stripped naked, searched inside and out, x-rayed, handcuffed behind the back, and strapped to a gurney face down.[1] (*Id.* at 7-9.) Plaintiff alleges that Defendant Kania refused to dress Plaintiff before six deputies carried Plaintiff outside to be transferred "like a naked hogtied pig on it's [sic] way to be barbecued." (*Id.* at 9.)

Plaintiff contends the handcuffs and other restraint devices used during this incident were too tight and caused him severe pain in his hands, wrists, and left shoulder. (*Id.* at 7.) Plaintiff claims Defendant Kania and the ten to fifteen deputies involved ignored Plaintiff's complaints that the cuffs were too tight and refused Plaintiff's requests to loosen the

---

[1] Plaintiff alleges the x-ray revealed he possessed handcuff keys, which he turned over to the deputies. (ECF No. 43 at 9.)

3

restraints for an hour resulting in nerve damage to Plaintiff's hands, wrists, and forearms and a loss of sensation and reduced mobility in these areas. (*Id.* at 7-8.)

Plaintiff further alleges that after arriving at SDCJ, Defendant Kania told SDCJ staff that Plaintiff was violent and an escape risk. (*Id.* at 10.) Plaintiff states this communication led to SDCJ staff subjecting Plaintiff to "18 months of continuos [sic] Daily use of 'DRC' (leg and waist chains)," which were used whenever Plaintiff was in the exercise cage, the shower, or the day room. (*Id.* at 10-11.) The use of leg and waist chains allegedly caused Plaintiff further nerve damage in his hands, wrists, and forearms. (*Id.* at 11.) Plaintiff contends the leg and waist chains were applied in retaliation for Plaintiff filing "18 months of complaints against [D]efendants."[2] (*Id.* at 12.) On an unspecified date, Plaintiff claims he "fell down the stairs . . . while wearing [leg and waist chains]," injuring his upper spine. (*Id.* at 13.) Plaintiff states he threatened to sue the SDCJ administration because of this incident, and that SDCJ suddenly discontinued using leg and waist chains on Plaintiff from that point forward. (*Id.*)

Plaintiff sues Defendant Kania for excessive force and deliberate indifference under the Fourteenth and Eighth Amendments for the incidents described above, and Defendant Lee for deliberate indifference under the Fourteenth and Eighth Amendments. (*Id.* at 9-12, 18-19.) Plaintiff alleges that Lee failed to investigate, diagnose, and adequately provide medical treatment for the chronic pain and neuropathy in his hands, wrists, forearms, and spine resulting from the alleged hogtying incident and the subsequent eighteen months of leg and waist chains, despite Plaintiff's complaints to Defendant Lee that he was in pain. (*Id.* at 9-11, 18-19.) Plaintiff contends Lee deliberately ignored his complaints that ibuprofen was not working and asserts Lee failed to provide medical treatment with deliberate indifference, which is cruel and unusual punishment. (*Id.* at 18.)

///

---

[2] Plaintiff's First Amendment claims against unnamed SDCJ defendants for their use of leg and waist chains were dismissed on February 12, 2018. (ECF No. 50 at 8-9.)

## III. MOTION TO DISMISS

### A. Legal Standards

Before the Court is Defendant Lee's Rule 12(b)(6) motion to dismiss Plaintiff's claims of deliberate indifference against her. (ECF No. 64.) Plaintiff opposes this motion, arguing he has alleged sufficient facts to support a claim for deliberate indifference against Defendant Lee. (ECF No. 77 at 1-2.)

#### 1. Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim, the question is not whether the plaintiff will ultimately prevail at trial, but whether the complaint was sufficient to meet the federal court's pleading standards as explained in *Twombly* and *Iqbal*. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Two tenets underlie *Twombly*: (1) the reviewing court must accept all *factual* allegations as true (legal conclusions and threadbare recitations of the cause of action's elements are not presumed true); and (2) the reviewing court must determine if those factual allegations, taken as true, plausibly suggest entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555-58). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Idqbal*, 556 U.S. at 679.

A complaint must contain more than facts that merely create a suspicion of a legally cognizable cause of action; it must set forth facts that raise the alleged wrongdoing above the speculative level. *Twombly*, 550 U.S. at 555. A claim is plausible on its face when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the alleged wrongdoing. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 679; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). A complaint alleging facts that are "merely consistent with" a defendant's liability

does not cross the threshold between possibility and plausibility entitling the plaintiff to relief. *Moss*, 572 F.3d at 969 (quoting *Twombly*, 550 U.S. at 557).

### 2. Applicable Standards for *Pro Se* Litigants' Pleadings

Prisoner *pro se* complaints are to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). *Pro se* complaints, "however inartfully pleaded," are held to less stringent standards than those drafted by attorneys and can only be dismissed if the pleadings show the plaintiff can prove no set of facts supporting his claim. *Id.* (reaffirming that this standard applies to *pro se* pleadings post-*Twombly*); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). The court need not give the plaintiff the benefit of *every* conceivable doubt, but the court must draw *reasonable* factual inferences in the plaintiff's favor and use common sense in interpreting *pro se* pleadings. *Mckinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). However, when interpreting a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Before dismissing a *pro se* complaint for failure to state a claim, the court must give the plaintiff a statement of the complaint's deficiencies and an opportunity to amend unless it is absolutely clear from the complaint that the deficiencies cannot be overcome with amendment. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624-25 (9th Cir. 1988); *see also James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### 3. Supervisory Liability Under 42 U.S.C. § 1983

Under § 1983, a plaintiff must prove: (1) the defendant deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States; and (2) the defendant acted under color of state law. 42 U.S.C. § 1983. There is no vicarious liability under § 1983. *Iqbal*, 556 U.S. at 676-77.

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).[3] To demonstrate a sufficient causal connection between the wrongful conduct and a constitutional violation, a plaintiff "must show the supervisor breached a duty to the plaintiff, which was the proximate cause of the injury." *Id.* However, this is not to say supervisors may be held liable for their subordinates' unconstitutional actions under a theory of *respondeat superior*; supervisory officials may only be held liable for their own acts or omissions, which include "culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)). The supervisor need not be directly or physically involved in the constitutional deprivation in the same way as the officials who are on the scene inflicting the constitutional injury. *Starr*, 652 F.3d at 1206-07.

**B. Analysis**

Defendant Lee argues that Plaintiff fails to allege sufficient facts to support a viable claim against her because Plaintiff does not allege that Defendant Lee ever personally examined or treated him and Plaintiff fails to establish a causal connection between Defendant Lee's actions and a constitutional violation. (ECF No. 64-1 at 3.) Lee also argues that Plaintiff's complaint fails to state an Eighth Amendment deliberate indifference claim. (*Id.* at 3-4.)

Plaintiff does not allege that Defendant Lee herself provided him with any medical care. Insofar as Plaintiff claims Defendant Lee is vicariously liable for the medical care

---

[3] In light of the Ninth Circuit's holding in *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), that a plaintiff does not need to prove a defendant's subjective intent to punish in the context of a pretrial detainee's failure-to-protect claim, the Court relies on *Starr* for its statement of the law regarding supervisory liability under § 1983, not for its analysis of the underlying Fourteenth Amendment failure-to-protect claim.

7

provided to Plaintiff by others, his claim fails under *Iqbal* because there is no vicarious liability under § 1983. *Iqbal*, 556 U.S. at 676-77.

Plaintiff alleges that Lee failed to investigate Plaintiff's complaints about the medical care he received from others and failed to provide Plaintiff with the medical care he requested. (ECF No. 43 at 18-19.) Construed liberally, Plaintiff alleges that Defendant Lee is liable in her individual capacity[4] as a supervisor. Thus, Plaintiff must allege sufficient facts to establish that there was a sufficient causal connection between Defendant Lee's alleged wrongful conduct and a constitutional violation. *See Starr*, 652 F.3d at 1207. To do this, Plaintiff must, at a minimum, allege a duty Defendant Lee owed to Plaintiff.

Plaintiff's complaint falls short of the pleading standard required by Rule 8, as explained in *Twombly* and *Iqbal*, because Plaintiff fails to allege sufficient facts permitting the Court to reasonably infer that Defendant Lee owed a duty to Plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff alleges Defendant Lee is a "Medical Administrator" and that she failed to respond to the numerous complaints Plaintiff filed between 2014 and 2016 relating to his allegedly deficient medical care. (ECF No. 43 at 3, 11, 18-19.) Plaintiff alleges Defendant Lee: (1) "fail[ed] to provide [Plaintiff] adequate medical treatments for sever [sic] chronic neuropathic pain"; (2) "failed to investigate, diagnose, and adequately provide medical treatment"; (3) failed to provide Plaintiff with "adequate pain management, a specialist, and surgery"; (4) denied Plaintiff treatment for his injuries caused by the alleged misuse of arm and leg restraints; (5) avoided providing treatment to avoid liability because "treating [Plaintiff] is admitting guilty and the injury exists"; (6) had knowledge of Plaintiff's injuries and alleged inadequate medical care through the numerous complaints Plaintiff filed; and (7) failed "to take action to ensure proper medical treatment, [which] caused [Plaintiff] the unnecessary and wanton infliction

---

[4] In her motion to dismiss, Defendant Lee addresses and asserts a defense to Lee's possible liability in her official capacity. (ECF No. 64-1 at 4-5). However, Plaintiff does not sue Lee in her official capacity; Plaintiff explicitly states he is suing Defendant Lee in her individual capacity. (ECF No. 43 at 3.)

of pain and suffering, negligent and intentional infliction of emotional distress amounting to cruel and unusual punishment and mal-practice violating [his] 14th and 8th Amendment rights . . . and [Lee] violated California tort law-personal injury for medical claims." (*Id.* at 18-19.)

Plaintiff's conclusory allegation that Defendant Lee violated the Eighth and Fourteenth Amendments is insufficient to establish that Lee owed Plaintiff a duty. (*Id.* at 19.) Even construing Plaintiff's factual allegations liberally, Plaintiff fails to include any allegations as to what Defendant Lee's role was as a "Medical Administrator." Further, the Court cannot ascertain from the pleadings whether Plaintiff alleges that Defendant Lee had a duty to review Plaintiff's administrative complaints about his medical care or whether her she had supervisory responsibilities to review the treatment Plaintiff received from his doctors to ensure the medical staff was providing proper treatment. (*Id.*)[5]

Plaintiff argues in his opposition that Defendant Lee owed him a duty under California Penal Code § 673,[6] stating that "Persons in charge of prisons have a duty to see that prisoners in their custody who are clearly in need of medical care receive it." (ECF No. 77 at 5) (citing Cal. Penal Code § 673). Plaintiff argues that "[b]y Plaintiff alleging [in his complaint] 'Lee' caused him the unnecessary and wanton infliction of pain constituting cruel and unusual punishment, he's implying Lee violated Cal. Penal Code

---

[5] This issue is further confused by Plaintiff's allegations that "John/Jane Doe Medical Admin. Review Committee Members" and "RN Dr. Joshua" were the individuals responsible for denying Plaintiff adequate medical treatment because their jobs were to approve doctors' treatment and the committee created a policy that prevented Plaintiff from receiving adequate medical treatment despite Plaintiff's numerous complaints that his treatment was ineffective. (ECF No. 43 at 20-22.) These allegations are in tension with Plaintiff's claims against Lee because he appears to be alleging that it was these other parties (who have been dismissed from this action (*see* ECF No. 50 at 9)) who were actually responsible for his denial of adequate medical care. (ECF No. 43 at 20-22.)

[6] Cal. Penal Code § 673 provides: "It shall be unlawful to use in the reformatories, institutions, jails, state hospitals or any other state, county, or city institution any cruel, corporal or unusual punishment or to inflict any treatment or allow any lack of care whatever which would injure or impair the health of the prisoner, inmate, or person confined . . . . Any person who violates the provisions of this section or who aids, abets, or attempts in any way to contribute to the violation of this section shall be guilty of a misdemeanor."

1 § 673." (ECF No. 77 at 6.) This argument is unavailing. First, even liberally construing Plaintiff's complaint, the Court could not reasonably infer that Plaintiff was alleging Defendant Lee violated this specific section of the California Penal Code, which is not cited in Plaintiff's complaint. Second, citation to this section fails to elucidate what duty, if any, Lee owed to Plaintiff.

Plaintiff fails to establish a sufficient causal connection between Defendant Lee's actions and a constitutional violation as he fails to allege what duty, if any, Lee owed to Plaintiff. The Court **RECOMMENDS dismissal without prejudice** of Plaintiff's Fourteenth Amendment claims against Defendant Lee and granting Plaintiff leave to amend as it is not clear that Plaintiff would be unable to cure the deficiencies identified above by amendment. *See Karim-Panahi*, 839 F.2d at 624-25 (*pro se* litigants must be granted leave to amend unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment).[7]

The Court further **RECOMMENDS dismissal with prejudice** of Plaintiff's Eighth Amendment deliberate indifference claims against Defendant Lee as Plaintiff alleges that he was a pretrial detainee at the time of his allegations against Lee and therefore any claims he has arise out of the Fourteenth Amendment, not the Eighth Amendment. *See Castro*, 833 F.3d at 1067-68 ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").[8]

### IV. MOTION TO STRIKE IMMATERIAL AND IMPERTINENT INFORMATION UNDER FRCP 12(f)

Defendants Lee and Kania move to strike exhibits attached to Plaintiff's Fourth Amended Complaint as unreliable, immaterial, and impertinent. (ECF No. 64-1 at 6.) The

---

[7] This recommendation is not intended to address Plaintiff's Motion to Amend (ECF No. 75).
[8] This Report and Recommendation does not address any claims relating to violations of California state law as Defendants do not address these claims in their Motion to Dismiss. (*See* ECF No. 43 at 19.)

Court considers the exhibits in Plaintiff's operative complaint as part of the complaint under Federal Rule of Civil Procedure 10(c), and thus subject to a motion to strike per Rule 12(f). Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"); Fed. R. Civ. P. 12(f). *See also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (stating exhibits are to be considered part of the pleading).

Federal Rule of Civil Procedure 12(f) permits a court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is immaterial if it has no essential or important relationship to the claim for relief or defenses pled, and a matter is impertinent if it does not pertain to, and is unnecessary to, the issue(s) in question. *Fantasy, Inc.*, 984 F.2d at 1527. The function of Rule 12(f) is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing with those issues prior to trial. *Id.* (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Motions to strike are disfavored because they are often dilatory and because of the limited importance of pleadings in federal practice. *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. March 19, 2015); *see also Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1038 (S.D. Cal. July 6, 2017). A motion to strike should not be granted unless the matter to be stricken clearly has no possible bearing on the litigation's subject matter. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. March 13, 1991). Lastly, a motion to strike, like a motion to dismiss under Rule 12(b)(6), must be viewed in the light most favorable to the non-moving party and any doubt regarding the import of the allegations weighs in favor of denying a motion to strike. *In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. July 17, 2000); *Park v. Welch Foods, Inc.*, 2014 WL 1231035 No. 12-cv-06449, at *1 (N.D. Cal. March 20, 2014).

The exhibits Defendants attack fall into three categories: (1) Wikipedia articles; (2) medical journal articles and medical patient informational materials; and (3) Citizen

Law Enforcement Review Board ("CLERB") findings. (ECF No. 43 at 24-26, 32-34, 40-42, 44, 46-47, 55-70.)

Defendants rely on *Thaut v. Hsieh*, to argue that the first two categories (the Wikipedia page, medical articles, and patient informational materials (ECF No. 43 at 55-70)) should be struck because they are "unreliable." (ECF No. 64-1 at 7). However, Defendants' argument that *Thaut* holds matters may be stricken for their unreliability is misguided. In *Thaut*, the Court held that a doctor's expert declaration purporting to provide expert testimony to controvert the medical conclusions made by the defendant doctor should be stricken because it did not form the basis of the operative complaint, and the Court could not consider the expert declaration without converting the defendants' motions to dismiss into a motion for summary judgment. *Thaut v. Hsieh*, No. 15-cv-0590, 2016 WL 3058235, at *9 (E.D. Cal. May 31, 2016). The Court did not strike the declaration because it was unreliable or immaterial. *Id.* at *9-10.

Defendants argue that the medical article and patient information exhibits should be struck because they are immaterial and impertinent. (ECF No. 64-1 at 7.) Defendants rely on *Montgomery v. Buege* for the proposition that the Court may strike medical articles attached to a complaint as immaterial. (*Id.* at 8.) However, this authority is also unpersuasive as the Court in *Montgomery* did not strike exhibits for being immaterial; rather, the *Montgomery* court held that the exhibits were not properly attached to the complaint as they were not "written instruments" under Rule 10(c) and, as in *Thaut*, could not be considered without improperly converting the motion to dismiss into a motion for summary judgment. *Montgomery v. Buege*, No. CIV. 08-385, 2009 WL 1034518, at *3-4 (E.D. Cal. April 16, 2009).[9]

Lastly, Defendants contend the challenged Wikipedia exhibit should be stricken because it contains "improper hearsay," but fail to provide the Court with any authority in

---

[9] Defendants do not argue that the exhibits should be stricken because they do not qualify as "written instruments" under Rule 10(c). *See Montgomery*, 2009 WL 1034518, at *3-4.

1 support of this proposition. (ECF No. 64-1 at 8.) Defendants rely on *Hudson v. Babilonia* for the proposition that Wikipedia pages are hearsay and immaterial. (*Id.*) However, in *Hudson*, the Wikipedia webpage was proffered as evidence to oppose a motion for summary judgment. *Hudson v. Babilonia*, 192 F. sup. 3d 274, 295 (D. Conn. June 14, 2016) (holding that the Wikipedia page was improper hearsay and inherently unreliable because any person could anonymously edit any Wikipedia page at any time). Here, Defendants seek to strike an exhibit from Plaintiff's complaint.[10] Defendants provide no authority for the proposition that exhibits may be struck from a complaint solely because they are unreliable or contain hearsay.

The exhibits in the first two categories are sufficiently material and pertinent to Plaintiff's allegations regarding his medical condition to withstand Defendants' motion. The attached articles discuss Cheiralgia Paresthetica, chronic pain, and clinical depression. (ECF No. 43 at 55-70.) Plaintiff uses and relies on these exhibits to further articulate and explain his alleged medical condition.[11] Because the exhibits supply background material for Plaintiff's claims that Defendants were deliberately indifferent to his serious medical needs, they should not be stricken unless they are unduly prejudicial to the moving party. *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) ("Where allegations, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken."). These exhibits are not unduly prejudicial as they do not cause delay or confuse the issues, but instead *clarify* Plaintiff's alleged medical condition, which is at issue in Plaintiff's claims of deliberate indifference to his serious medical needs. *See S.E.C. v. Sands,* 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (defining prejudice as

---

[10] The Court acknowledges that the Wikipedia excerpt may be unreliable because anyone in the world, including Plaintiff, is able to edit the entry. *See Kole v. Astrue*, No. cv-08-0411 2010 WL 1338092, at *7 n.3 (D. Idaho March 31, 2010) (holding Wikipedia is not a reliable source at this level of discourse because anyone can edit a Wikipedia page).

[11] For example, Plaintiff marks in the exhibits that Cheiralgia Paresthetica is his "exact injury" and circles and underlines the pertinent parts to better articulate his allegations that he suffers from nerve damage in his wrists. (ECF No. 43 at 55-70.)

allegations that cause delay or confusion of the issues) (citing *Fantasy, Inc.*, 984 F.2d at 1528). The Court recommends denying Defendants' motion to strike these exhibits because it is not clear they are so irrelevant as to have "no possible bearing on the subject matter of the litigation" and are not unduly prejudicial to Defendants. *See Colaprico*, 758 F. Supp. at 1339.

Lastly, the Court finds that the third category of exhibits (CLERB documents) are sufficiently material to withstand Defendants' motion to strike. Defendants argue that the CLERB documents are immaterial to the issues of whether Defendants used excessive force or were deliberately indifferent to Plaintiff's serious medical needs as CLERB is not affiliated with jail personnel and has no authority over any San Diego County officials. (ECF No. 64-1 at 7.) The CLERB's cases, findings, and communications sufficiently relate to and provide insight into Plaintiff's allegations. These materials provide background and historical information on the incidents alleged in Plaintiff's complaint. As a *pro se* litigant, Plaintiff's complaint must be construed liberally and the Court must draw reasonable inferences in Plaintiff's favor. *See McKinney*, 507 F.2d at 504. The CLERB exhibits, and Plaintiff's notations on these exhibits, provide context for Plaintiff's allegations. In fact, a court in this district recently held CLERB exhibits pertaining to Plaintiff Kyle James' claims in another case were sufficiently material to survive a motion to strike. *James v. Agnew*, No. 15-cv-409-AJB-MDD 2016 WL 5662073 *2 (S.D. Cal. October 3, 2016) (District Judge Battaglia adopting report and recommendation finding that Plaintiff's attached CLERB exhibit was relevant to his excessive force claims); *Id*. (ECF No. 60 at 7-8, Report and Recommendation, Aug. 18, 2016.) (holding that CLERB exhibit was material because it directly contradicted the defendants' basis for their defense that Plaintiff failed to exhaust all administrative remedies before filing suit, and because retaining the exhibits would not cost the court any more time or money than it would otherwise invest). As in *Agnew*, the CLERB exhibits here are relevant to Plaintiff's excessive force and deliberate indifference claims because they provide context for Plaintiff's factual allegations. Nor have Defendants indicated how, or if, they will be prejudiced by these exhibits.

14

Accordingly, the Court recommends denying Defendants' motion to strike the CLERB exhibits.

Viewing Defendants' motion in the light most favorable to Plaintiff, the Court **RECOMMENDS** Defendants' motion to strike be **DENIED** as to all challenged exhibits (ECF No. 43 at 24-26, 32-34, 40-42, 44, 46-47, 55-70) because these materials serve to further articulate Plaintiff's allegations.

## V. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Defendant Lee's Motion to Dismiss be **GRANTED** as follows: The Fourteenth Amendment deliberate indifference claims against Defendant Lee should be **DISMISSED without prejudice and with leave to amend**, and the Eighth Amendment claims against Defendant Lee should be **DISMISSED with prejudice**. The Court further **RECOMMENDS** Defendants Lee and Kania's Motion to Strike parts of Plaintiff's Fourth Amended Complaint be **DENIED**.

**IT IS ORDERED** that no later than **September 14, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 24, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: August 21, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge