UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES,<br><br>                          Plaintiff,<br><br>v.<br><br>BARBARA LEE, et al.,<br><br>                         Defendants. | Case No.: 16-cv-01592-AJB-JLB<br><br>**ORDER DENYING PLAINTIFF'S:**<br><br>**(1) MOTION FOR WRITTEN DEPOSITIONS; AND**<br><br>**(2) MOTION TO COMPEL**<br><br>**[ECF Nos. 121, 125]** |

    Before the Court is Plaintiff Kyle Robert James' "Application for Order Authorizing Commencement of Written Depositions of Defendant Witness[es]" ("Motion for Written Depositions"). (ECF No. 121.) Also before the Court is Plaintiff's "Motion to Compel[] Production of Documents After Rejected Request" ("Motion to Compel") against Defendants Barbara Lee and Mark Kania. (ECF No. 125.) Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

    For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Written Depositions without prejudice and **DENIES** Plaintiff's Motion to Compel as moot and as premature.

*///*

# I. PROCEDURAL BACKGROUND

On December 26, 2017, Plaintiff filed a Fourth Amended Complaint asserting claims against several defendants.[1] (ECF No. 43 at 2–6.) On February 12, 2018, Judge Battaglia dismissed several claims and defendants, leaving only Plaintiff's: (1) excessive force claims against Defendants Kania, John Doe San Diego County Jail Deputies, and John/Jane Doe Lieutenant; and (2) medical care claims against Defendants Lee and Blake. (ECF No. 50 at 10.)

On March 26, 2018, Defendants Lee and Kania filed a Motion to Dismiss Plaintiff's deliberate indifference claims against Defendant Lee and to strike parts of Plaintiff's Fourth Amended Complaint. (ECF No. 64.)

On February 22, 2019, Judge Battaglia adopted the Court's Report and Recommendation on Defendants' Motion to Dismiss and dismissed Plaintiff's Fourteenth Amendment claim against Defendant Lee without prejudice and with leave to amend and Plaintiff's Eighth Amendment claim against Defendant Lee with prejudice. (ECF No. 109 at 2–3.) Judge Battaglia set March 31, 2019, as the deadline for Plaintiff to file a Fifth Amended Complaint. (*Id.* at 3.) Judge Battaglia also denied Defendants' Motion to Strike. (*Id.*)

On March 25, 2019, Plaintiff filed a Motion for Extension of Time to file a Fifth Amended Complaint. (ECF No. 113.) Judge Battaglia granted Plaintiff's request and provided Plaintiff until June 3, 2019, to file a Fifth Amended Complaint. (ECF No. 116.)

To date, Plaintiff has not filed a Fifth Amended Complaint nor has any defendant answered Plaintiff's Fourth Amended Complaint.

# II. FACTUAL BACKGROUND

Plaintiff's Fourth Amended Complaint revolves around a precipitating incident that allegedly occurred on July 3, 2014, as well as the incident's aftermath. Plaintiff alleges

---

[1] The procedural background regarding Plaintiff's First through Third Amended Complaints is set forth in the Court's Report and Recommendation on Defendants' Motion to Dismiss. (ECF No. 96 at 2–3.)

1  that on July 3, he was transferred from George Bailey Detention Facility ("GBDF") to the
2  San Diego County Jail ("SDCJ") and that, to effect this transfer, he was "hog-tie[d] naked"
3  as punishment for possessing handcuff keys. (ECF No. 43 at 7.) Prior to being transported,
4  Plaintiff alleges that he was stripped naked, handcuffed behind the back, and strapped to a
5  gurney facedown. (*Id.* at 7–9.) Plaintiff alleges that he told deputies that "the cuffs were
6  too tight," that the cuffs caused him pain for an hour, that he cried, and that Defendant
7  Kania nevertheless refused to permit deputies to loosen the cuffs. (*Id.* at 7.) Plaintiff
8  alleges that the handcuffs and other restraint devices used during this incident caused him
9  to suffer severe pain in his hands, wrists, forearms, and left shoulder. (*Id.*) Plaintiff further
10 alleges that Defendant Kania refused to dress Plaintiff before six deputies carried him
11 outside to be transferred "like a naked hogtied pig on it[s] way to be barbecued." (*Id.* at
12 9.)
13       When Plaintiff arrived at SDCJ, Plaintiff claims that Defendant Kania told SDCJ
14 deputies that Plaintiff was "violent and an escape risk." (*Id.* at 10.) Plaintiff states that he
15 was required to wear leg and waist chains while in the SDCJ Day Room "as punishment."
16 (*See id.* at 31.) Plaintiff claims that Defendant Lee—a medical administrator for the
17 Sheriff's Department—"acted with deliberate indifference" to Plaintiff's complaints of
18 "constant pain and injury" caused by the use of the leg and waist chains. (*Id.* at 3, 11.)
19 Plaintiff further alleges that he suffered multiple injuries and that SDCJ officials "with the
20 help of . . . Doctor Blake attempted to cover-up this injury out of fear of being sued." (*Id.*
21 at 15.)

### III. MOTION FOR WRITTEN DEPOSITIONS

23       On May 9, 2019, Plaintiff constructively filed a Motion for Written Depositions
24 wherein he appears to seek leave of Court to: (1) conduct written depositions; and (2)
25 conduct more than ten depositions. (ECF No. 121 at 3.) Defendants oppose Plaintiff's
26 motion. (ECF No. 123.)
27 ///
28 ///

**A. Legal Standards**

    1. <u>Depositions by Written Question</u>

Federal Rule of Civil Procedure 31 governs depositions by written questions. Pursuant to Rule 31, four circumstances exist where a party must obtain leave of court to conduct depositions by written questions:

> (2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
>   (A) if the parties have not stipulated to the deposition and:
>
>     (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;
>
>     (ii) the deponent has already been deposed in the case; or
>
>     (iii) the party seeks to take a deposition before the time specified in Rule 26(d); or
>
>   (B) if the deponent is confined in prison.

Fed. R. Civ. P. 31(a)(2)(A)–(B).

    2. <u>Leave to Conduct More Than Ten Depositions</u>

When considering a motion for leave to take more than ten depositions, the Court must grant leave to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 31(a)(2). Rule 26(b)(2)(C) provides that the court must limit the extent of discovery if it determines that:

> (i) the discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

In addition, a party seeking more than ten depositions should make a "particularized showing" of the need for additional depositions. *Kaseberg v. Conaco, LLC*, Case No.: 15-

cv-01637-JLS (DHB), 2016 WL 8729927, at *3 (S.D. Cal Aug. 19, 2016); *accord Brooks v. Motsenbocker Advanced Devs., Inc.*, Civil No. 07cv773 BTM (NLS), 2008 WL 4480376, at *1 (S.D. Cal. Sept. 29, 2008). Ordinarily, a party should "exhaust their allowed number of depositions before making a request for additional depositions." *Kaseberg*, 2016 WL 8729927, at *3; *see also Smith v. Ardew Wood Prods., Ltd.*, No. C07–5641 FDB, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008) ("Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule.").

**B.  Discussion**

In his motion, Plaintiff appears to request both leave to take written depositions and leave to conduct more than ten depositions.[2] (*See* ECF No. 121 at 1–4.) Plaintiff states that he "has no funds or monetary assets to pay professionals to take the depositions," and "written depositions of the witnesses in the case [are] necessary to provide the Court [with] enough evidence to proceed to trial." (*Id.* at 2.) Plaintiff also contends that "depositions by written questions provide an affordable, alternative means of discovery for parties . . . who do not wish to incur the high cost of a full oral deposition." (*Id.* at 3.)

Defendants oppose Plaintiff's motion, arguing that: (1) leave of court is not required to conduct written depositions; (2) Plaintiff did not follow the procedural requirements set forth in Federal Rule of Civil Procedure 31; and (3) Plaintiff failed to demonstrate his ability to pay deposition-related costs. (ECF No. 123 at 2.)

With respect to Plaintiff's request to take depositions by written questions, leave of Court is not required to depose any person except for those incarcerated or previously deposed. Fed. R. Civ. P. 31(a)(2)(A)(ii), (B). The Court, however, cannot determine at

---

[2] Plaintiff also requests from Defendants "the names and identities of all witnesses present during the [July 3, 2014] and [July 23, 2014] incidents which happened at GBDF and SDCJ" in a separate attachment. (ECF No. 121 at 7.) The Court addresses these concerns in § IV below.

this time whether leave of Court is necessary because Plaintiff does not identify the individuals that he desires to depose.³ Therefore, to the extent Plaintiff is currently requesting to depose incarcerated witnesses, Plaintiff's request is **DENIED without prejudice**. If Plaintiff later identifies incarcerated witnesses that he wishes to depose, Plaintiff may refile his request at that time.

To the extent Plaintiff desires to depose non-incarcerated individuals, leave of court is not required. An incarcerated plaintiff not invoking one of the Rule 31(a)(2) exceptions is permitted "to conduct discovery while incarcerated, without leave of the Court, as long as the plaintiff complies with the Federal Rules of Civil Procedure, the local rules, and applicable prison regulations." *Merchant v. Lopez*, No. 09cv856-WQH-NLS, 2010 WL 1948922, at *2 (S.D. Cal. May 12, 2010).

Plaintiff must, however, bear the costs of any deposition he seeks to take in this matter. His *in forma pauperis* status "does not authorize or require federal courts to finance or subsidize a civil action by paying fees or other costs associated with the litigation." *Arellano v. Hodge*, Case No.: 14-cv-590 JLS (JLB), 2018 WL 637854, at *3 (S.D. Cal. Jan. 30, 2018). Nor does this status entitle him "to utilize defendants' resources for [a] deposition." *Cuff v. Harris*, No. 2:16–cv–1999 MCE DB P, 2018 WL 2441592, at *1 (E.D. Cal. May 31, 2018). Plaintiff is thus financially responsible for procuring a deposition officer to transcribe the witnesses' testimony, for notice and delivery of the questions, and for filing of the deposition. *See* Fed. R. Civ. P. 31.

With respect to Plaintiff's request to take more than ten depositions, Plaintiff has not made a particularized showing of the need for more than ten depositions. Plaintiff relies on a generalized basis that "the witnesses in this case are more than ten in number." (ECF No. 121 at 3.) Plaintiff does not, however, explain why the testimony of more than ten

---

³ Plaintiff's motion states that he does not know the identities of the witnesses he wishes to depose and is waiting for defense counsel to "provide[] a full list of all individuals who were present and involved with the . . . entire incident." (ECF No. 121 at 1.) As previously stated, the Court addresses these concerns in § IV below.

6

witnesses is necessary to support his claims. *See Smith*, 2008 WL 4837216, at *1 ("The number of potential witnesses and the mere possibility that they may favor the [p]laintiff does not justify deposing every one. Many of them may duplicate each other's testimony."). Without having yet conducted any depositions, Plaintiff at this point can only speculate that that he will require testimony from more than ten witnesses.

Plaintiff's request to conduct more than ten depositions is therefore **DENIED without prejudice**. The Court will not entertain any additional motions from Plaintiff requesting leave to conduct more than ten depositions unless Plaintiff has already reached the ten-deposition limit.

### IV.     MOTION TO COMPEL

On June 14, 2019, Plaintiff constructively filed a Motion to Compel seeking to compel Defendants to produce: (1) "the identities of the deputies who were ordered to cover [him] with the sheet"; (2) "the identities of the deputies who carried [him] outside naked; (3) "the . . . two deputies seen on camera checking the handcuffs"; (3) "the medical staff present during the incident"; and (4) "any other witnesses/deputies who were present to hear any statements made by other witnesses [or himself]." (ECF No. 125 at 1–2.)

Defendants oppose Plaintiff's motion and argue that it is both moot and premature. (ECF No. 126.)

**A.     Legal Standard**

Federal Rule of Civil Procedure 37 enables a party seeking discovery to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). However, when a party has already provided the relief sought in the moving party's motion to compel, the court may deny the motion to compel as moot. *See, e.g.*, *Jafari v. F.D.I.C.*, Civil No. 12cv2982 LAB (RBB), 2014 WL 7176460, at *4 (S.D. Cal. Dec. 5, 2014) ("Because the relief sought by the [p]laintiffs in their motion to compel has been provided, the [m]otion is [denied] as moot."); *Robinson v. Adams*, No. 1:08–cv–001380–AWI–BAM PC, 2013 WL 1966804, at *2 (E.D. Cal. May 13, 2013) ("[T]he Court finds that [p]laintiff has

received the discovery responses and his motion to compel is no longer necessary. Accordingly, [p]laintiff's motion to compel . . . shall be denied as moot.").

**B.  Discussion**

As stated above, Plaintiff seeks to compel: (1) "the identities of the deputies who were ordered to cover [him] with the sheet"; (2) "the identities of the deputies who carried [him] outside naked; (3) "the . . . two deputies seen on camera checking the handcuffs"; (3) "the medical staff present during the incident"; and (4) "any other witnesses/deputies who were present to hear any statements made by other witnesses [or himself]." (ECF No. 125 at 1–2.) Plaintiff states that he "served his requests" on April 30, 2019, and "has in good faith confer[r]ed/attempted to confer[] with Attorney Robert Ortiz in an effort to secure disclosure without court action." (*Id.* at 2.) Plaintiff further contends that he has "made numerous formal and informal requests pursuant to . . . Rule 34(a)" but "county counsel failed to respond after five[-]weeks time." (*Id.* at 5.)

In response to Plaintiff's motion, Defendants argue that: (1) "incident reports identifying relevant jail deputies have already been produced to Plaintiff and the identities of deputies with knowledge of the incident or involved in the incident were recently produced to Plaintiff"; and (2) "Plaintiff never served interrogatories seeking the identities of the long list of jail staff he now seeks to compel." (ECF No. 126 at 1.)

Plaintiff's Interrogatory No. 9 requests the names of "the deputies and or sworn staff present and or assigned to the 'Special Detail' that were at the GBDF Processing Area on [July 3, 2014] between 11am and . . . up to the time inmate Kyle James was transported to [SDCJ]." (*Id.* at 6.) Defendants attached a copy of their June 19, 2019 supplemental response to Interrogatory No. 9 to their opposition, which lists seven individuals who Defendants believe "have knowledge of or were involved in the incident giving rise to Plaintiff's lawsuit." (*Id.* at 6–7.) Therefore, to the extent Plaintiff's Interrogatory No. 9 covers the identification of the witnesses he seeks in the instant motion (*see* ECF No. 125 at 1–2), Plaintiff's Motion to Compel is **DENIED as moot**.  To the extent Plaintiff also seeks to compel the identification of witnesses not requested by Interrogatory No. 9, or any

8

other propounded discovery requests, Plaintiff's Motion to Compel is **DENIED as premature**. If Plaintiff has in fact propounded other discovery requests which would cover the additional witnesses Plaintiff seeks here, he fails to sufficiently allege such.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Written Depositions without prejudice (ECF No. 121) and **DENIES** Plaintiff's Motion to Compel as moot and as premature (ECF No. 125).

**IT IS SO ORDERED.**

Dated: July 17, 2019

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge