1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  KYLE ROBERT JAMES,<br><br>12                                    Plaintiff,<br><br>13  v.<br><br>14  BARBARA LEE, et al.,<br><br>15                                    Defendants.[1]<br>16 | Case No.:  16-cv-01592-AJB (JLB),<br>consolidated with 17-cv-00859-AJB<br>(MDD)<br><br>**ORDER ON PLAINTIFF'S<br>MISCELLANEOUS MOTIONS**<br><br>**[ECF Nos. 140; 142; 155]** |

17        Before the Court are several miscellaneous motions filed by Plaintiff Kyle Robert

18  James.  For the reasons set forth below, Plaintiff's motion for copies (ECF No. 140 at 1–

19  2), motion for additional interrogatories (ECF No. 142), and motion to exclude evidence

20  (ECF No. 155) are **DENIED**, and Plaintiff's motion to compel (ECF No. 140 at 3–8) is

21  **GRANTED in part and DENIED in part**.

22               **I.    MOTION FOR COPY OF INTERROGATORIES**

23        Plaintiff requests that the Court direct the Clerk of Court to send him a free copy of

24  the exhibits he attached to his motion to compel (ECF No. 140 at 10–16), which are

25

26  _____

27  [1]    Defendant Mark Kania is the only remaining defendant in this case.  Therefore, all

28  references to "Defendant" in this Order are to Defendant Kania.

1

excerpts of Defendant's responses to his interrogatories.  (*Id.* at 1.)  Defendant provides in
opposition that he has since mailed a copy of the requested exhibits to Plaintiff.  (ECF Nos.
143 at 1; 147 at 2.)  Plaintiff's request is therefore **DENIED as moot**.  Additionally,
although Plaintiff is proceeding *in forma pauperis* (ECF No. 3), he is not entitled to free
photocopies at the Court's expense simply because of his *in forma pauperis* status.  The
statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not
include the right to obtain court documents without payment.  *See Sands v. Lewis*, 889 F.2d
1166, 1169 (9th Cir. 1990) (per curiam) (stating that prisoners have no constitutional right
to free photocopy services), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343,
350–55 (1996); *see also In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (stating that
28 U.S.C. § 1915 "does not give the litigant a right to have documents copied and returned
to him at government expense").

## II.    MOTION TO COMPEL

Plaintiff moves the Court for an order compelling Defendant to provide further
responses to his Interrogatory Nos. 1, 7, 16, 18, and 19.  (ECF No. 140 at 5–8.)  Defendant
opposes Plaintiff's motion, and argues that the Court it should deny it as untimely and on
the merits.  (ECF No. 147 at 2–4.)

### A.    Legal Standard

A party is entitled to seek discovery of any non-privileged matter that is relevant to
his claims and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Federal Rule
of Civil Procedure 33 provides that a party may serve on any other party interrogatories
that relate to any matter within the scope of discovery defined in Rule 26(b).  Fed. R. Civ.
P. 33(a)(2).  If a party fails to answer an interrogatory, or if the response provided is evasive
or incomplete, the propounding party may bring a motion to compel.  Fed. R. Civ. P. 37(a).
"The party seeking to compel discovery has the burden of establishing that his request
satisfies the relevancy requirements of Rule 26(b)(1)."  *Bryant v. Ochoa*, No. 07cv200 JM
(PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citing *Soto v. City of Concord*,
162 F.R.D. 603, 610 (N.D. Cal. 1995)).  District courts have broad discretion to determine

16-cv-01592-AJB (JLB)

1  relevancy for discovery purposes.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.

2  2002).  "Thereafter, the party opposing discovery has the burden of showing that the

3  discovery should be prohibited, and the burden of clarifying, explaining[,] or supporting

4  its objections."  *Bryant*, 2009 WL 1390794, at \*1 (citing *DIRECTV, Inc. v. Trone*, 209

5  F.R.D. 455, 458 (C.D. Cal. 2002)).

6  **B.    Timeliness of Plaintiff's Motion**

7  Defendant first argues that Plaintiff's motion should be denied because it is untimely

8  per the Court's Civil Chambers Rules, which provide that "[a]ny discovery disputes must

9  be brought to the Court no later than 30 calendar days after the date upon which the event

10  giving rise to the dispute occurred."  (ECF No. 147 at 2–3 (quoting J. Burkhardt Civ.

11  Chambers R. § IV.F.).)  Defendant provides that he served a response to Interrogatory

12  No. 1 on July 2, 2018, a response to Interrogatory No. 2 on August 20, 2018, and responses

13  to Interrogatory Nos. 16, 18, and 19 on June 17, 2019, making Plaintiff's motion

14  "extremely untimely."  (*Id.* at 3.)

15  The Court acknowledges that Plaintiff's motion is more than a year late with respect

16  to Interrogatory Nos. 1 and 2 and approximately four months late with respect to

17  Interrogatory Nos. 16, 18, and 19.  Moreover, Plaintiff was provided leave to reply to

18  Defendant's opposition (ECF No. 145), yet he did not file a timely reply and has not

19  otherwise offered any justification for his delay in bringing the motion.  The Court could

20  deny Plaintiff's motion solely due to its untimeliness.  However, the Court ordinarily warns

21  litigants of the consequences of failing to comply with Chambers Rules on discovery

22  disputes in its scheduling orders.  As a scheduling order has yet to issue in this case, the

23  Court has not yet cautioned Plaintiff that he must comply with Chambers Rules.  Taking

24  into consideration that this is Plaintiff's first warning and that Plaintiff is a *pro se*,

25  incarcerated litigant, the Court will address Plaintiff's motion on the merits.

26  **C.    Merits of Plaintiff's Arguments**

27  1.    Interrogatory Nos. 1 and 7

28  Interrogatory Nos. 1 and 7 and Defendant's responses thereto are as follows:

1

2

3

*Interrogatory No. 1:*

Why did you "hogtie" plaintiff Kyle James naked instead of putting clothes on him first?

4

*Response to Interrogatory No. 1:*

5

6

7

8

9

Responding party objects to the interrogatory on the grounds that it is vague and ambiguous as to time and the term "hogtie." Responding party also objects on the grounds that the interrogatory lacks foundation and assumes facts. Specifically, the interrogatory incorrectly contends that Responding Party "hogtied" Plaintiff and had Plaintiff "naked instead of putting clothes on him first." Subject to and without waiving the foregoing objections, Responding Party responds as follows.

10

11

12

Plaintiff has a long history of violent and disruptive behavior while in custody, including: fighting with deputies, secreting tools to facilitate escape, threatening to harm and kill deputies and other inmates, possessing makeshift weapons, failing to obey staff, and interfering with jail operations.

13

14

15

16

17

18

19

20

21

On July 3, 2014, Plaintiff was found to have secreted a handcuff key and a key used to unlock waist chains in his rectum, in a plot to escape Sheriff's custody. At the time Sheriff's deputies made contact with Plaintiff to investigate the unknown contraband he was hiding in his rectum, Plaintiff was wearing only underwear. Plaintiff was strapped to a gurney by jail staff so he could be x-rayed and to give him the opportunity to remove the contraband himself. In order to do so safely and maintain the security of the facility, Plaintiff's underwear was removed and he was properly restrained. Plaintiff initially refused to cooperate, threatened jail staff, and emphatically denied being in possession of any contraband. After approximately one hour, Plaintiff admitted to possessing keys and eventually retrieved both keys from his rectum.

22

*Interrogatory No. 7:*

23

24

25

26

27

In your response to Plaintiff['s] Interrogatory No.1 (One), No.2 (Two), No.3 (Three), and No.6 (Six) you state[,] "Plaintiff has a long history of violent and disruptive behavior while in custody, including: fighting with deputies, secreting tools to facilitate escape, threatening to harm and kill deputies and other inmates, possessing makeshift weapons, failing to obey staff, and interfering with jail operations." How is it possible that you could have known on 7/3/14 that Kyle James fought with deputies on 1/23/16 and

28

1  was found with on 2/24/15 what was alleged by deputies to be "Jail made
2  weapons"? (Which were events that took place after 7/3/14).

3  *Response to Interrogatory No. 7:*

4  Responding Party objects to the interrogatory on the grounds that it is
5  vague, ambiguous, and unintelligible so as to make a response impossible
   without speculation as to the meaning of Plaintiff's request. Responding Party
6  also objects to the interrogatory on the grounds that it lacks foundation and
7  assumes facts regarding the events and timeline of events referenced in
   Responding Party's prior discovery responses.  Subject to and without
8  waiving the foregoing objections, Responding Party responds as follows:

9  Plaintiff has a long history of violent and disruptive behavior while in
10 custody.  This includes threatening physical harm and death to jail staff and
   other inmates prior to July 3, 2014.
11

12 (ECF No. 140 at 10–12.)

13 Plaintiff argues that Defendant's response to Interrogatory No. 1 is "evasive and
14 deficient" because it is "perjured and impeachable." (*Id.* at 5.)  Plaintiff contends that as
15 of July 3, 2014, the date of the incident in this case, Defendant could not have known that
16 Plaintiff had a history of possessing makeshift weapons or fighting with other deputies,
17 because those events took place after July 3, 2014.  (*Id.*)  Plaintiff further argues that
18 Defendant's responses to Interrogatory Nos. 1 and 7 are "so evasive" they are "tantamount
19 to no answers at all." (*Id.* at 6.)

20 In opposition, Defendant argues that his responses to Interrogatory Nos. 1 and 7
21 included "appropriate objections to the argumentative phrasing and terminology" in the
22 interrogatories. (ECF No. 147 at 3.)  Defendant further argues that, despite his objections,
23 he provided substantive responses, and "[t]he fact that Plaintiff does not like the answers
24 or disputes the factual contentions in the responses is not [a] ground to compel
25 supplemental responses." (*Id.* at 3–4.)

26 The Court finds that, notwithstanding Defendant's objections to Interrogatory
27 No. 1, he has sufficiently responded to it.  Defendant's response substantively addresses
28 ///

5

16-cv-01592-AJB (JLB)

1   Plaintiff's interrogatory, and as Defendant asserts, the fact that Plaintiff may not agree with

2   the response does not render it deficient.

3         With respect to Interrogatory No. 7, the Court finds that, notwithstanding

4   Defendant's objections, he has sufficiently responded to it.  Defendant's response

5   substantively addresses Plaintiff's interrogatory by stating that Plaintiff's "long history of

6   violent and disruptive behavior while in custody . . . includes threatening physical harm

7   and death to jail staff and other inmates prior to July 3, 2014."  Again, the fact that Plaintiff

8   may not agree with Defendant's response does not render it deficient.

9         Accordingly, Plaintiff's request to compel further responses to Interrogatory Nos. 1

10  and 7 is **DENIED**.

11        2.    Interrogatory No. 16

12  Interrogatory No. 16 and Defendant's response thereto are as follows:

13

14  *Interrogatory No. 16:*

15        As watch commander on date 7-3-2014 at GBDF during the handcuff
    key incident involving the Plaintiff Kyle James, you ordered the restraints to

16  be applied to Kyle James in the fashion that was applied that day.  Is it true it
    was you [sic] responsibility to ensure medical personal [sic] to be present

17  during the retention and use of the restraint equipment used on Kyle James on
    7-3-2014 at least twice every thirty minutes, but as frequent as possible to

18  ensure no unexpected health concerns or injuries occur?

19

20  *Response to Interrogatory No. 16:*

21        Responding Party objects to the interrogatory on the grounds that it is
    vague, ambiguous, compound, unintelligible, and therefore incapable of

22  eliciting a meaningful response.  Responding Party further objects that the
    interrogatory is irrelevant and not likely to lead to the discovery of admissible

23  evidence because it lacks foundation as it incorrectly assumes a cord cuff
    restraint was applied to Plaintiff until he was transported to San Diego Central

24  Jail and implies that Plaintiff required medical care.  Subject to and without
    waiving the foregoing objections, Responding Party responds as follows:

25

26        Plaintiff has a long history of violent and disruptive behavior while in

27  custody, including: fighting with deputies, secreting tools to facilitate escape,
    threatening to harm and kill deputies and other inmates, possessing makeshift

28

1
2
3
4
5
6
7

weapons, failing to obey staff, and interfering with jail operations. On July 3, 2014, Plaintiff was found to have secreted a handcuff key and a key used to unlock waist chains in his rectum, in a plot to escape Sheriff's custody. To safely secure Plaintiff and maintain institutional security, Plaintiff was properly restrained to prevent him from attacking jail staff or destroying evidence. After Plaintiff complained that his handcuffs were too tight, deputies immediately checked his handcuffs and addressed the issue. Plaintiff did not suffer any medical complications and he did not require medical assistance at any point during the incident.

8    (ECF No. 140 at 13–14.)

9    Plaintiff argues that Defendant did not directly answer Interrogatory No. 16 and

10   "evasively 'beats around the bush' regarding the issue of" responsibility. (*Id.* at 7.) In

11   opposition, Defendant argues that he provided "specific objections to the interrogatory

12   given the argumentative phrasing and provided a substantive response," in addition to

13   documents setting forth his "duties and responsibilities as watch commander." (ECF No.

14   147 at 4.) Defendant further contends that "if Plaintiff wants an admission or denial, then

15   the proper discovery device to use would be a request for admission." (*Id.*)

16   Defendant included various objections in his response to Interrogatory No. 16, but

17   does not specifically mention them or argue their merits in his opposition. Instead,

18   Defendant states merely that he "provided specific objections to the interrogatory given the

19   argumentative phrasing."[2]   (ECF No. 147 at 4.) The Court agrees with Plaintiff that

20

21

22   [2]   "When ruling on a motion to compel, a court 'generally considers only those
23   objections that have been timely asserted in the initial response to the discovery request
      and that are subsequently reasserted and relied upon in response to the motion to compel."
24   *SolarCity Corp. v. Doria*, Case No.: 16cv3085-JAH (RBB), 2018 WL 467898, at *3 (S.D.
25   Cal. Jan. 18, 2018) (quoting *Medina v. County of San Diego*, Civil No. 08cv1252 BAS
      (RBB), 2014 WL 4793026, at *8 (S.D. Cal. Sept. 25, 2014)); *see also Black Mountain*
26   *Equities, Inc. v. Players Network, Inc.*, Case No.: 3:18-cv-1745-BAS-AHG, 2020 WL
27   2097600, at *3 (S.D. Cal. May 1, 2020) (declining "to address Defendant's objections
      raised in its discovery responses because it did not reassert them within an opposition" to
28   the motion to compel (citing *SolarCity Corp.*, 2018 WL 467898, at *3)). As mentioned,

1    Defendant's response does not directly answer Interrogatory No. 16.  Although the Court

2    agrees with Defendant that Interrogatory No. 16 is phrased as a request for admission, the

3    Court does not find this to be an adequate basis in this case for Defendant to avoid

4    answering the interrogatory, especially when it was propounded by a *pro se* litigant.

5    Accordingly, Plaintiff's request to compel a further response to Interrogatory No. 16 is

6    **GRANTED**, and Defendant is ordered to provide a supplemental response no later than

7    **September 11, 2020**.

8              3.     Interrogatory No. 18

9         Interrogatory No. 18 and Defendant's response thereto are as follows:

10   *Interrogatory No. 18:*

11        Has an inmate in the custody of the San Diego Sheriff's Department
     ever went into medical distress while in restraint equipment resulting in
12   serious bodily injury or death?

13
     *Response to Interrogatory No. 18:*
14
          Responding Party objects to the interrogatory on the grounds that it is
15   vague, ambiguous, and overbroad.  Specifically, the request is vague as to the
     terms "medical distress," "restraint equipment," and "serious bodily injury."
16   The interrogatory is also improper because it seeks medical information of
17   unrelated individuals and therefore violates third-party privacy rights.
     Responding Party further objects that the interrogatory seeks information that
18   is irrelevant to the subject matter of this action, not reasonably calculated to
     lead to the discovery of admissible evidence, and not proportional to the needs
19   of the case in light of the factors set forth in [the] Federal Rules of Civil
20   Procedure, [R]ule 26(b)(1).  Lastly, the interrogatory seeks information that
     calls for expert medical opinion.
21

22   (ECF No. 140 at 15.)

23        Plaintiff argues that he is "seeking a simple yes or no answer to" Interrogatory No.

24   18.  (*Id.* at 7.)  In his opposition, Defendant stands on his objections that the request is "too

25   _____

26

27   Defendant does not argue in support of any of his specific objections.  "Argumentative" is
     not an objection Defendant made in his discovery response.  (*See* ECF No. 140 at 13.)
28   Therefore, Defendant's objections are overruled.

1    vague and broad to provide a response" and contends again that Plaintiff is mistaken about

2    "the proper discovery tool to use when seeking a 'simple yes or no answer.'"  (ECF No.

3    147 at 4.)

4        The Court agrees with Defendant and finds Interrogatory No. 18 vague and

5    ambiguous as to the terms "medical distress" and "serious bodily injury" and overly broad

6    as to time.   Therefore, Defendant's objections are SUSTAINED.   Further, although

7    Defendant did not reassert his relevancy objection in his opposition, Plaintiff has not met

8    his burden to show the relevancy of this request, and the Court cannot otherwise determine

9    its relevance.   Accordingly, Plaintiff's request to compel a response to Interrogatory

10   No. 18 is **DENIED**.

11       4.    Interrogatory No. 19

12   Interrogatory No. 19 and Defendant's response thereto are as follows:

13   *Interrogatory No. 19:*

14       What is your reason or excuse for not ensuring medical personal (sic)
15   was present (as supposed to be in-line or in alignment with San Diego County
     Sheriff's Department Detention Services Bureau-Manuel of Policies and
16   Procedures Number I.93 use of Restraint Equipment II Monitoring and
17   Retention A-F (CSD000108-CSD00019) and/or page 1-2)?

18   *Response to Interrogatory No. 19:*

19       Responding Party objects to the interrogatory on the grounds that it is
20   vague, ambiguous, overbroad, unintelligible, and therefore incapable of
     eliciting a meaningful response.  Responding Party further objects that the
21   interrogatory is irrelevant and not likely to lead to the discovery of admissible
     evidence because it lacks foundation as it incorrectly assumes a cord cuff
22   restraint was applied to Plaintiff until he was transported to San Diego Central
23   Jail and implies that Plaintiff required medical care.  Subject to and without
     waiving the foregoing objections, Responding Party responds as follows:
24

25       Plaintiff has a long history of violent and disruptive behavior while in
26   custody, including: fighting with deputies, secreting tools to facilitate escape,
     threatening to harm and kill deputies and other inmates, possessing makeshift
27   weapons, failing to obey staff, and interfering with jail operations.  On July 3,
28   2014, Plaintiff was found to have secreted a handcuff key and a key used to

unlock waist chains in his rectum, in a plot to escape Sheriff's custody.  To safely secure Plaintiff and maintain institutional security, Plaintiff was properly restrained to prevent him from attacking jail staff or destroying evidence.  Plaintiff did not suffer any medical complications and he did not require medical assistance at any point during the incident.

(ECF No. 140 at 15–16.)

Plaintiff argues that Defendant's response to Interrogatory No. 19 does "not explain why he did not have medical present during the 7-3-14 incident where . . . [P]laintiff was in full restraints." (*Id.* at 8.)  In his opposition, Defendant stands on his objections that the interrogatory lacks foundation, for "it incorrectly states that a cord cuff restraint was applied to Plaintiff" and "implies that Plaintiff required medical care." (ECF No. 147 at 4.)

The Court finds that, notwithstanding Defendant's objections, he has sufficiently responded to Interrogatory No. 19.  Defendant's response substantively addresses Plaintiff's interrogatory by stating his reasons for not ensuring the presence of medical personnel during the incident in question.  Again, the fact that Plaintiff may not agree with Defendant's response does not render the response deficient.  Accordingly, Plaintiff's request to compel a further response to Interrogatory No. 19 is **DENIED**.

### III.    MOTION FOR ADDITIONAL INTERROGATORIES

Plaintiff requests leave to propound more than twenty-five interrogatories on Defendant. (ECF No. 142.)  Defendant opposes Plaintiff's request. (ECF No. 147 at 5.)

**A.    Legal Standard**

Federal Rule of Civil Procedure 33 limits interrogatories to twenty-five per party, including discrete subparts, but a court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(1) and (2). Fed. R. Civ. P. 33(a). The twenty-five-interrogatory limit is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories . . . ." Fed. R. Civ. P. 33 advisory committee's note to 1993 amendment.  Generally, a

1  party requesting additional interrogatories must make a "particularized showing" as to why

2  additional discovery is necessary.  *Roberts v. Hensley*, Case No.: 15cv1871-LAB (BLM),

3  2017 WL 715391, at *2 (S.D. Cal. Feb. 23, 2017) (quoting *Ioane v. Spjute*, No. 1:07–cv–

4  00620–AWI–GSA, 2015 WL 1984835, at *1 (E.D. Cal. Apr. 20, 2015)).

5  **B.    Discussion**

6       Plaintiff argues that because the case is "complex," good cause exists for leave to

7  propound more than twenty-five interrogatories.  (ECF No. 142 at 4.)  Plaintiff contends

8  that he must "prove" the following "prior to summary [judgment]":

9
    - Defendant's lack of medical treatment was intentional;
10
    - Defendant's use of force was unreasonable and excessive;
11
    - Defendant's treatment of Plaintiff was degrading to human dignity;
    - Defendant acted with a culpable state of mind;
12
    - The deprivation of medical care was sufficiently serious;
13
    - Defendant acted with reckless disregard for Plaintiff's health and safety;
14
    - Defendant acted in bad faith and qualified immunity does not apply;
15
    - Malice; and
16
    - Knowledge

17  (*Id.* at 4–5.)  Plaintiff further argues that, due to his incarceration, he "has no way to earn

18  the funds required to [d]epose" Defendant.  (*Id.* at 6.)

19       In opposition, Defendant argues that Plaintiff has "failed to provide good cause to

20  justify additional interrogatories."  (ECF No. 147 at 5.)  Contrary to Plaintiff's assertion

21  that the case is complex, Defendant contends that the case is "very limited in scope," as

22  "[i]t involves one defendant, one discrete incident on one day, and only two causes of

23  action."  (*Id.*)  Defendant further contends that the interrogatories Plaintiff has already

24  propounded have been "argumentative, conclusory, and vague," and Plaintiff "will likely

25  continue [this] pattern of conduct" if the Court grants him leave to serve additional

26  interrogatories.  (*Id.*)

27       Good cause may exist to grant Plaintiff leave to serve additional interrogatories due

28  to his status as an incarcerated litigant proceeding *pro se* and *in forma pauperis*.  However,

1    Plaintiff has not made the particularized showing necessary for the Court to grant his

2    request.  Plaintiff argues that the case is "complex" and lists several things he contends he

3    must "prove prior to summary [judgment]."  (ECF No. 142 at 4.)  However, Plaintiff has

4    not submitted any proposed interrogatories for review and does not provide what discovery

5    he has already propounded, why that discovery is inadequate, and what topics remain that

6    are necessary for him to explore by interrogatory.  Plaintiff does not even specify the

7    number of additional interrogatories he is seeking to propound on Defendant.  Moreover,

8    Defendant has moved to dismiss the 5AC, and the Court has recommended that

9    Defendant's Motion to Dismiss be granted in part.  (ECF Nos. 144; 149.)  Therefore, which

10   of Plaintiff's claims will survive dismissal, if any, and the issues in dispute in this case are

11   not yet certain.

12          Although the Court agrees with Defendant that this case is not particularly complex,

13   the Court will take into consideration Plaintiff's status as a *pro se*, incarcerated litigant in

14   any future motion for additional interrogatories Plaintiff files after Defendant's Motion to

15   Dismiss is decided.  *See, e.g.*, *McClellan v. Kern Cnty. Sheriff's Office*, Case No. 1:10–cv–

16   0386–LJO–MJS (PC), 2015 WL 5732242, at *1 (E.D. Cal. Sept. 29, 2015) ("An

17   incarcerated party's highly limited ability to conduct a deposition in prison may contribute

18   to a finding of good cause to file additional interrogatories."); *McNeil v. Hayes*, No. 1:10–

19   cv–01746–AWI–SKO (PC), 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014) (granting

20   the *pro se* inmate plaintiff leave to serve additional interrogatories and reasoning that

21   "depositions, which would relieve some of the pressure created by having to respond to

22   [additional] interrogatories, are simply not a realistic option, as incarcerated pro se litigants

23   are rarely in the position to conduct depositions").  In any future motion, Plaintiff should

24   include his proposed interrogatories and state specifically why those additional

25   interrogatories are necessary in light of the interrogatories already propounded on

26   Defendant.  Additionally, Defendant's argument that Plaintiff will only continue his pattern

27   of propounding "argumentative, conclusory, and vague requests" if granted leave to serve

28   additional interrogatories is not well taken.  Given Plaintiff's *pro se* status, some

1  imprecision in his discovery requests can be expected.  Accordingly, Plaintiff's request for

2  additional interrogatories is **DENIED without prejudice**.

3                      **IV.    MOTION TO EXCLUDE EVIDENCE**

4          Finally, Plaintiff requests that the Court "permanently exclude the (all) statements

5  by [D]efendant and his witnesses to refrain from claiming 'Plaintiff had a plot to escape,'

6  due to the fact the [D]efendant has no evidence to support his claim of 'actual plan to

7  escape."  (ECF No. 155 at 1.)  Plaintiff argues that, although he "had in his possession a

8  handcuff key and master lock key," that "does not itself prove a 'plan' or 'plot' to escape

9  as [D]efendant['s] counsel and [D]efendant keep claiming."  (*Id.* at 2.)  Plaintiff also

10 requests the Court for an order compelling Defendant "to produce sufficient and reliable

11 evidence to support [his] claim of 'plot'/'plan' to escape" and argues that "if [he] cannot

12 produce sufficient evidence . . . then the [C]ourt should order the [him] to [a]mend his

13 [M]otion to [D]ismiss."  (*Id.*)  Plaintiff also argues that Defendant "commit[ed] perjury" in

14 his interrogatory responses by stating that "Plaintiff has a long history of violent and

15 disruptive behavior while in custody."  (*Id.* at 2–3.)

16         The Court will not address a motion to exclude evidence in a vacuum.  Plaintiff may

17 raise any appropriate objections to evidence proffered by Defendant[3] in the context of the

18 proceeding at issue (such as at trial or in response to a motion for summary judgment).

19 Accordingly, Plaintiff's motion (ECF No. 155) is **DENIED without prejudice**.

20         **IT IS SO ORDERED.**

21 Dated:  August 31, 2020

22

23                                        Hon. Jill L. Burkhardt
                                          United States Magistrate Judge
24

25

26 —————————————

27 [3]     Assertions in a pleading, except when sworn to under penalty of perjury, do not

28 ordinarily constitute evidence.