UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERT JAMES,<br><br>                              Plaintiff,<br><br>v.<br><br>BARBARA LEE, et al.,[1]<br><br>                              Defendants. | Case No.:  16-cv-01592-TWR-JLB, consolidated with 17-cv-00859-TWR-MDD<br><br>**ORDER AND REPORT AND RECOMMENDATION**<br><br>**[ECF Nos. 177; 180]** |

Before the Court are several motions filed by Plaintiff Kyle Robert James, an incarcerated litigant proceeding *pro se* and *in forma pauperis* in this civil rights action.  On March 21, 2021, Plaintiff constructively filed an *ex parte* "Motion to the Court for Extension of March 26th 2021 Deadline for Discovery Due To Defendant's Counsel's Failure To Participate/Cooperate in Discovery" ("Motion to Amend Scheduling Order"). (ECF No. 177.)  On  March 18, 2021, Plaintiff constructively filed a "Motion to the Court for Sanctions for the Destruction of Audio Evidence and Refusal to Participate in Discovery Practices—Deliberate Delay" and a "Motion for Default Judgment on the

---

[1]    Defendant Mark Kania is the only remaining defendant in this case.

Grounds of the Destruction of Evidence and Intentional Delay and Refusal to Participate in Discovery Practices Pursuant to Fed. R. Civ. P. Rule 37(c) and ABA Model Rules of [Professional] Conduct" (collectively, "Motion for Discovery Sanctions"). (ECF No. 180.)

## I. MOTION TO AMEND SCHEDULING ORDER

In his *ex parte* Motion to Amend Scheduling Order, Plaintiff requests that the Court grant him an unspecified extension of the March 26, 2021 fact discovery cutoff. (ECF No. 177.) Defendant opposes Plaintiff's request. (ECF No. 182 at 1–2.) For the reasons set forth below, Plaintiff's *ex parte* Motion to Amend Scheduling Order is **DENIED**.

### A. Parties' Arguments

Plaintiff requests that the Court extend the March 26, 2021 fact discovery cutoff on the grounds that defense counsel "refuses to cooperate in discovery proceedings and practices" with the intent "to delay and deny the fair administration of justice." (ECF No. 177 at 1.) Specifically, Plaintiff contends that he "expressed his need" for "the Sheriffs Use of Force Policies and other evidence" to defense counsel in October 2020[2] during a telephonic meet and confer regarding the Joint Discovery Plan and sent defense counsel "numerous requests" for this discovery but never received it. (*Id.* at 3–4.) Plaintiff further contends that he again reminded defense counsel of his need for this discovery during his deposition on February 17, 2021. (*Id.* at 3.) Plaintiff argues that Defendant's "delay and denial of discovery" and "failure to cooperate in discovery proceedings" have necessitated an extension of the fact discovery cutoff. (*Id.* at 4.)

Defendant opposes Plaintiff's request to extend the fact discovery cutoff and argues that "all responsive and non-privileged discovery requested by Plaintiff has been provided" to him. (ECF No. 182 at 1.) Defendant further argues that Plaintiff's motion fails to identify what additional discovery Plaintiff is seeking in this five-year-old case. (*Id.* at 2.)

---

[2] The Joint Discovery Plan provides that the parties met and conferred on October 21, 2020, to discuss the issues set forth in Federal Rule of Civil Procedure 26(f) and Judge Burkhardt's Civil Chambers Rules. (ECF No. 167 at 1.)

**B.     Legal Standard**

Scheduling orders are intended to alleviate case management problems and are not "frivolous piece[s] of paper, idly entered, which can be cavalierly disregarded . . . without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). As such, Federal Rule of Civil Procedure 16(b) requires that good cause be shown for modification of a scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has explained this good cause requirement as follows:

> Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted).

**C.     Discussion**

Plaintiff has not demonstrated that he was diligent in pursuing the discovery he claims to have requested from Defendant, and thus, good cause does not exist to amend the operative Scheduling Order (ECF No. 176) and extend the fact discovery cutoff. As Defendant points out, this case has been pending for nearly five years, and Plaintiff has been engaged in the discovery process since at least June 2018. (*See* ECF No. 93 (Motion for Subpoena).) But, regardless of this case's long history, Plaintiff represents that he expressed his need for the "the Sheriffs Use of Force Policies and other evidence" to defense counsel during a meet and confer on October 21, 2020, meaning Plaintiff knew of his need for this discovery at least five months before seeking relief from the Court for Defendant's alleged failure to provide it.

///

3

16-cv-01592-TWR-JLB

Further, even assuming Defendant agreed to provide the discovery Plaintiff seeks,[3] Plaintiff waited until five days before the fact discovery cutoff to file the instant motion. Plaintiff argues that he "would have filed for an extension sooner," but he wanted to give defense counsel "fair notice and [an] opportunity to provide the planned discovery," and he believed in good faith that defense counsel would produce his requested discovery before the March 26, 2021 deadline. (ECF No. 177 at 3–4.) Plaintiff's misplaced reliance on defense counsel's supposed representations that Defendant would produce the requested discovery before the fact discovery cutoff does not constitute good cause to extend the fact discovery cutoff. The Court acknowledges that Plaintiff is a *pro se*, incarcerated litigant; however, he has successfully brought discovery issues—including a motion to compel—to the Court in the past. (*See* ECF Nos. 140; 160.) His *pro se* status and incarceration therefore do not excuse his lack of diligence in bringing this discovery issue to the Court five days before the deadline for fact discovery expired when he has known about the issue since at least October 2020.

Moreover, even if Plaintiff had demonstrated diligence, Plaintiff fails to identify what discovery he is seeking with any specificity other than "the Sheriffs Use of Force Policies and other evidence" and sets forth no argument as to why this discovery is needed.

For failure to set forth good cause,[4] Plaintiff's Motion to Amend Scheduling Order (ECF No. 177) is **DENIED**.

---

[3] Defendant's opposition takes no position concerning whether defense counsel made representations of any forthcoming discovery during the October 21, 2020 meet and confer or during Plaintiff's deposition on February 14, 2021. Defendant does state, however, that he has produced all responsive, non-privileged discovery requested by Plaintiff, including "relevant Sheriff Medical Records of Kyle James re: treatment of wrist and hand pain," as requested by Plaintiff during his deposition. (ECF No. 182 at 1, 4.)

[4] The Court also notes that Plaintiff failed to show excusable neglect for filing his motion less than ten calendar days in advance of the March 26, 2021 discovery cutoff, as required by the Chambers Rules in place when Plaintiff filed his motion. (*See* ECF No. 166 at 13 (citing Fed. R. Civ. P. 6(b)(1)(B)).)

## II. MOTION FOR DISCOVERY SANCTIONS

As stated, Plaintiff also brings a Motion for Discovery Sanctions against Defendant for destruction of evidence. (ECF No. 180.) Defendant opposes Plaintiff's Motion for Discovery Sanctions. (ECF No. 182 at 2–5.)

The Court construes Plaintiff's Motion for Discovery Sanctions as a request to compel discovery pursuant to Federal Rule of Civil Procedure 37(a) and a request for terminating sanctions pursuant to the Court's inherent powers and Rule 37(e). For the reasons set forth below, Plaintiff's request to compel discovery is **DENIED**. As to Plaintiff's request for terminating sanctions, the Court submits a Report and Recommendation to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b) and Civil Rule 72.3 of the Local Rules of Practice for the Southern District of California. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's request for terminating sanctions be **DENIED**.

### A. Parties' Arguments

In his Motion for Discovery Sanctions, Plaintiff argues that he requested from Defendant all audio recordings of the incident[5] at issue in his Fifth Amended Complaint ("5AC"), but Defendant produced only "30 minutes of audio or less[,] chopped into pieces." (ECF No. 180 at 5–6.) According to Plaintiff, these recordings "should be at least 1–2 [hours]" in duration. (*Id.*) Plaintiff maintains that Defendant "deliberately 'chopped' the audio electronically into a composed, parts-only fashion" instead of producing "the

---

[5] A detailed summary of the incident underlying Plaintiff's claims in the 5AC are set forth in the Court's August 1, 2020 Report and Recommendation (ECF No. 159 at 2–4). Essentially, Plaintiff's 5AC alleges that, as a pretrial detainee, Plaintiff was strapped to a gurney without any clothing for two hours while deputies took x-rays of him and transported him to another detention facility. (*See* ECF No. 138.) Plaintiff's claims of excessive force, violation of bodily privacy, and the right to be free from punishment survived Defendant Kania's Motion to Dismiss (ECF No. 144) and remain at issue in the case. (*See* ECF No. 161 at 2.)

[entire] conversation" between Plaintiff and the deputies, as "seen on video." (*Id.*) Plaintiff posits that the "missing" or "destroyed" audio recordings would demonstrate that he did not threaten any deputies during the incident. (*See id.* at 7.)

Plaintiff further contends that discovery sanctions are warranted because Defendant is "intentionally delaying the production of discovery." (*Id.* at 8.) Plaintiff argues that, during his deposition on February 17, 2021, he "inquired about the stipulated and promised discovery set out in the Joint Discovery Plan," but defense counsel was "evasive." (*Id.* at 8.) Since his deposition, Plaintiff represents that he has mailed defense counsel "approximately 3–4 letters requesting the promised discovery," but defense counsel has not replied to his letters and is "refus[ing]" to provide discovery. (*Id.* at 8–9.) Plaintiff requests that the Court enter default judgment against Defendant as a sanction for Defendant's evidence spoliation and discovery misconduct. (*See id.* at 1–2; 10.)

As to Plaintiff's allegations of evidence spoliation, Defendant argues that he has produced to Plaintiff all audio files of the underlying incident in their unaltered, original format. (ECF No. 182 at 3.) In support, Defendant provides the declaration of Lieutenant Michael Binsfield, a detective with the San Diego Sheriff's Department. (ECF No. 182-2.) Lt. Binsfield's declaration provides the following:

On July 3, 2014, the date of the underlying incident, Lt. Binsfield was informed that Plaintiff was in possession of jail keys and initiated contact with Plaintiff at approximately 10:51 AM for "investigative purposes or to obtain a search warrant, if needed." (*Id.* ¶ 4.) Lt. Binsfield recorded only the audio from the interactions that he and his partner had with Plaintiff as part of their investigation, and all audio recordings of their interactions were attached to Crime/Incident Reports CSD000071–CSD000076. (*Id.* ¶ 5.) Lt. Binsfield is informed that these audio recordings were produced to Plaintiff "in their unaltered format" and "were not doctored." (*Id.*) Lt. Binsfield and his partner "did not destroy or exclude any audio recording or evidence in this case," and Lt. Binsfield is unaware of any audio recordings "of the entire incident with Plaintiff." (*Id.*) Lt. Binsfield explains that it is not unusual that audio recordings of the entire incident do not exist because "line staff typically

do not record their interactions with inmates, whereas detectives do," and much of the incident "was handled by line staff who are seen in videos of the incident." (*Id.*)

As to Plaintiff's arguments that Defendant has intentionally delayed discovery and failed to respond to his discovery requests, Defendant confirms that he received two letters from Plaintiff with additional discovery requests on March 1, 2021. (ECF No. 182 at 3.) However, Defendant argues that the two letters were dated February 23 and 24, 2021, and therefore, the discovery requests within them were untimely per the requirement in the operative Scheduling Order that all fact discovery be completed[6] by March 26, 2021. (*Id.*) Defendant states that, nevertheless, he responded to Plaintiff's untimely discovery requests in a letter dated March 23, 2021, and provided Plaintiff with courtesy copies of several previously-produced documents, including Lt. Binsfield's incident reports, three other incident reports, a Sheriff's Detention P&P, and medical records that Plaintiff requested at his deposition. (*See id.* at 4.) In this letter, defense counsel also noted that he would send Plaintiff "the video and audio files for his review again, should he wish to coordinate that with the litigation coordinator at his facility." (*Id.*) Defendant argues that by the time he responded to Plaintiff's discovery requests on March 23, 2021, which was within the thirty days allotted by the Federal Rules of Civil Procedure, Plaintiff had already executed and mailed the instant Motion for Discovery Sanctions. (*Id.*)

**B.     Discussion**

Plaintiff seeks discovery sanctions against Defendant pursuant to Federal Rule of Civil Procedure 37(c), which relates to a party's failure to provide or supplement initial disclosures. (*See* ECF No. 180 at 3.) This Rule does not appear to apply here, for Plaintiff

---

[6]     As set forth in the operative Scheduling Order, "completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. (ECF No. 176 ¶ 2.)

argues that discovery sanctions are warranted for Defendant's supposed delay in responding to his discovery requests and destruction or withholding of relevant audio recordings. As stated, the Court instead construes Plaintiff's motion as a request to compel discovery pursuant to Rule 37(a) and a request for terminating sanctions pursuant to the Court's inherent powers or Rule 37(e).

        1.     Request to Compel

A party is entitled to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Under Rule 37(a), if a party fails to answer a discovery request, or if the response provided is evasive or incomplete, the propounding party may bring a motion to compel. *See* Fed. R. Civ. P. 37(a). The party seeking to compel discovery has the burden of establishing that his requests satisfy the requirements of Rule 26(b)(1). *See Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)).

Here, Plaintiff argues that he requested from defense counsel "the stipulated and promised discovery set out in the Joint Discovery Plan" during his deposition on February 17, 2021, and subsequently in "3–4" letters, but defense counsel has not complied with his requests. The Court cannot compel Defendant to produce the discovery Plaintiff seeks, for Plaintiff has not identified with any specificity what discovery he has requested Defendant to produce. Plaintiff did not attach any discovery requests to the instant motion, and there is no reference in the Joint Discovery Plan to any "stipulated" or "promised" discovery (*see* ECF No. 167). Without first identifying what discovery he seeks to compel, Plaintiff cannot possibly meet his burden to show that he has requested relevant and proportional discovery from Defendant. Further, as detailed in his opposition, Defendant provides that he timely responded to the two letters he received from Plaintiff on March 1, 2021, and produced several previously-produced documents, as well as medical records that Plaintiff requested during his deposition. (*See* ECF No. 182 at 4.)

///

To the extent Plaintiff is moving to compel production of the audio files he claims Defendant is withholding, Plaintiff has provided no evidence that Defendant is in the possession, custody, or control of any audio recordings of the entire incident underlying the claims in the 5AC or that such audio recordings exist or ever existed. Plaintiff's assertion that such recordings exist appears to be pure speculation or to be based only on the fact that the video footage of the incident is longer than thirty minutes. And, contrary to Plaintiff's assertions that the thirty minutes of video he received was "chopped into pieces," Lt. Binsfield has declared under penalty of perjury that the audio recordings produced to Plaintiff were not altered or doctored and that he and his partner did not destroy or exclude any audio recordings from their incident reports. (*See* ECF No. 182-1 ¶¶ 5–6.) Lt. Binsfield's sworn declaration also explains that a lack of recorded audio for the entire incident in the 5AC is not unusual, as interactions between line staff and inmates—"such as movement, security, and x-rays"—are not typically recorded. (*Id.* ¶ 6.)

Plaintiff has not identified the discovery he seeks to compel Defendant to produce, and to the extent Plaintiff seeks to compel the production of audio recordings of the entire incident underlying the claims in the 5AC, Defendant has provided a sworn declaration that no such recordings are known to exist. Accordingly, Plaintiff's request to compel is **DENIED**.

2. Request for Terminating Sanctions

Plaintiff also requests that the Court enter default judgment against Defendant as a sanction for Defendant's "destruction of evidence and deliberate delay and refusal to participate in discovery practices." (ECF No. 180 at 1–2, 10.) Although a district court may impose terminating sanctions for spoliation of evidence or other conduct that abuses the judicial process pursuant to its inherent powers and under Rule 37,[7] there is no evidence

---

[7] *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

before the Court that Defendant has destroyed any evidence or otherwise acted in bad faith during discovery. As discussed, Plaintiff merely speculates that audio recording(s) of the entire incident in the 5AC exist whereas Defendant has produced evidence that interactions between inmates and line staff—which comprised most of the underlying incident—are not typically recorded. (*See* ECF No. 182-1 ¶ 6.) Further, there is no evidence before the Court that Defendant has intentionally delayed or refused to participate in discovery. Contrary to Plaintiff's unsupported allegations of discovery abuse, Defendant represents that he timely responded to Plaintiff's February 2021 letters, which contained untimely and seemingly duplicative discovery requests. Accordingly, the Court **RECOMMENDS** that Plaintiff's request for default judgment be **DENIED**.

        3.     <u>Notice to the Court Regarding Deposition Copy</u>

At the end of his Motion for Discovery Sanctions, Plaintiff provides "notice" to the Court that Defendant has not provided him with a copy of his deposition transcript within thirty days of the deposition. (ECF No. 180 at 10.) Defendant does not address this matter in his opposition.

Plaintiff appears to be relying on Federal Rule of Civil Procedure 30(e)(1), which states:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

To the extent Plaintiff is arguing that he is entitled to review his deposition transcript pursuant to Rule 30(e)(1), he provides no indication that he requested an opportunity to review the transcript before his deposition concluded, and "[c]ourts insist on strict compliance with Rule 30(e)'s technical requirements." *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS NLS, 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) (citing

*Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1224–26 (9th Cir. 2005) (affirming order striking deposition errata "because [the plaintiff] failed to comply with the procedural dictates of FRCP 30(e)."))).  Nevertheless, **if** Plaintiff complied with Rule 30(e)(1) and requested an opportunity to review his deposition and make changes before his deposition was completed and Defendant has not yet provided Plaintiff with the opportunity, then Defendant shall provide Plaintiff with the opportunity **within seven days** from the date of this Order.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend Scheduling Order (ECF No. 177) and Plaintiff's request to compel discovery in his Motion for Discovery Sanctions (ECF No. 180) are **DENIED**.

Further, for the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's request for terminating sanctions in his Motion for Discovery Sanctions (ECF No. 180) be **DENIED**.

**IT IS HEREBY ORDERED** that any written objections to the Report and Recommendation must be filed with the Court and served on all parties no later than **June 16, 2021**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 23, 2021**.  The parties are advised that a failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  June 2, 2021

*[signature: Jill Burkhardt]*

Hon. Jill L. Burkhardt
United States Magistrate Judge